REALTY ASSOCIATES, INC., Plaintiff, *v.* WILLIAM W. STOOTHOFF and Others, Respondents, Impleaded with COUNTY OF NASSAU, Appellant.

Second Department, January 22, 1940.

*J. Oakey McKnight, Deputy County Attorney,* for the appellant.

*James N. Gehrig,* for the respondent William W. Stoothoff.

*Frank L. Starke,* for the respondents Fred Schumacher and Fred Schumacher, Jr.

CLOSE, J. The plaintiff instituted this action against the respondents for an injunction and damages, based upon the alleged wrongful obstruction of the waters of a stream whereby plaintiff's lands were submerged. The respondents obtained an order per-

mitting the joinder of the appellant County of Nassau as a party defendant, and thereafter served separate cross-complaints alleging in substance that the damage originated in the wrongful acts of appellant in enlarging the outlet of a nearby lake and negligently constructing a reservoir of insufficient capacity to dispose of the increased volume of water flowing toward it. The basic theory of both the complaint and the cross-complaints is trespass; and the relief demanded in each is an injunction and money damages.

The appellant moved to vacate the order which made it a party defendant, and to dismiss the cross-complaints. The motion was denied. We conclude that the joinder was proper under section 193, subdivision 1, of the Civil Practice Act. The complaint and the cross-complaints are essentially equitable in character. The demands for money damages are merely incidental, and on this appeal the respondents consent to withdraw such demands altogether. What remains is a cause of action in equity, asserted by all three respondents, for injunctive relief against the appellant. The general rule in equity is that all persons interested in the subject-matter of the action should be joined in order to prevent a multiplicity of suits and secure a final determination of their rights. Section 193, subdivision 1, of the Civil Practice Act, which is applicable solely to suits in equity (*Chapman* v. *Forbes*, 123 N. Y. 532), is merely a statutory statement of the pre-existing rule. (*Mahr* v. *N. U. F. Ins. Society*, 127 N. Y. 452.) Without the presence of the appellant as a party this controversy cannot be finally determined in the present action. The bringing in of the new defendant was, therefore, justified.

The more serious question is whether the cross-complaints in their present form sufficiently state a cause of action against the appellant. There is no allegation showing compliance with section 6-a█ of the County Law. Actions against a county are barred by that statute until the lapse of three months after the presentation to designated county officers of a written claim and notice of intention to sue; and such claim and notice must in turn be served within three months after the accrual of damages or injury. In broad phrases and with great detail the statute enumerates the forms of action included within the restriction. But this section, in spite of its apparently sweeping language, is susceptible of a construction making it inapplicable to actions for purely equitable relief. It can reasonably be construed to apply only to actions at law or to claims for money damages incidental to actions in equity.

In *Thomann* v. *City of Rochester* (256 N. Y. 165, 174) the Court of Appeals considered a section of the Rochester charter virtually

identical with section 6-a of the County Law. There the plaintiff sued for an injunction and damages based on a nuisance maintained by the city. The only question before the court was whether the plaintiff, who had waited four years before filing his claim, could recover damages which accrued more than thirty days before the claim was filed. The majority held that the charter provision barred such a recovery, even though the action was in equity. Judge HUBBS, in a dissenting opinion, expressed the belief that any construction which would deprive the Supreme Court of its power to prevent an irreparable injury by injunction would be unconstitutional. Chief Judge CARDOZO, writing for the majority, answered this argument by saying that the court was not passing upon " the validity or the meaning of the three months provision in its application to causes of action for equitable relief." Then follows this significant suggestion as to the conclusion which the court might reach when that question should be presented: " We might hold not inconceivably that the only effect of the limitation would be to postpone the enforcement of the remedy for damages, and that the action could still be maintained as one for an injunction merely."

The question left open in the *Thomann* case has never been settled. We are confronted with it here. The suggestion as to what the Court of Appeals might " not inconceivably " hold when the question arises is at least a guide to the answer. We hold that, in spite of the failure to comply with the statute, that part of the cross-action is maintainable in which the respondents seek injunctive relief.

The resettled order should be modified by striking from the second ordering paragraph thereof the words " denied; and it is further," and all of the third ordering paragraph, and by inserting in place thereof the following: " granted to the extent of striking out the first and second causes of action in the cross-complaint of respondents Schumacher, and so much of the third cause of action in said cross-complaint and so much of the single cause of action in the cross-complaint of respondent Stoothoff as purport to allege a claim for money damages." As so modified the resettled order should be affirmed, without costs, with leave to appellant to answer within ten days from the entry of the order hereon.

LAZANSKY, P. J., HAGARTY, JOHNSTON and ADEL, JJ., concur.

Resettled order denying appellant's motion to vacate a previous order and to dismiss defendants' cross-complaints modified by striking from the second ordering paragraph the words " denied; and it is further," and all of the third ordering paragraph, and by inserting in place thereof the following: " granted to the extent of

striking out the first and second causes of action in the cross-complaint of respondents Schumacher, and so much of the third cause of action in said cross-complaint and so much of the single cause of action in the cross-complaint of respondent Stoothoff as purport to allege a claim for money damages." As thus modified, the resettled order is affirmed, without costs, with leave to appellant to answer within ten days from the entry of the order hereon.