BURNETT BUSH, Respondent, Appellant, v. CITY OF JAMESTOWN, Appellant, and JAMESTOWN, WESTFIELD AND NORTHWESTERN RAILROAD COMPANY, Respondent.— Judgment modified on the law by reducing the amount of damages to $1,755 and reducing the total amount of the judgment to $1,906.92, and as so modified affirmed, without costs. Memorandum: This action is brought to recover damages alleged to have been caused by the action of the defendants in causing storm waters collected in the sewers of the city of Jamestown, N. Y., to be cast upon plaintiff's property, and restraining the defendants from continuing to cause such waters to discharge over and upon plaintiff's lands. The plaintiff has been granted an injunction against the city and has also been awarded damages against the city, a portion of the damages being awarded for an overflow in June, 1937, and the remainder of such damages for three overflows in 1938. Upon a motion made for the dismissal of the complaint in this action, we held that in an equitable action for an injunction damages sought as incidental to the injunctive relief might be recovered without previous presentation to the common council of a written claim therefor. (*Bush* v. *City of Jamestown,* 259 App. Div. 976.)

In 1938 the charter of the city of Jamestown* was amended so as to require a claim for damages to be presented to the common council for " injuries to the person or property occurring in any manner whatsoever, when it is sought to charge the city with responsibility therefor." The Constitution grants power to a city to adopt a local law in respect to " the presentation, ascertainment and discharge of claims against it." (State Const. art. 9, § 12.) It is our opinion that under the amended provision of the city charter of the city of Jamestown it is necessary in order to recover damages in an equitable action that claims therefor be filed as prescribed in the amendment. (*Reining* v. *City of Buffalo*, 102 N. Y. 308; *Squaw Island Freight & T. Co., Inc.*, v. *City of Buffalo*, 133 Misc. 64; *Meruk* v. *City of New York*, 223 N. Y. 271; *Thomann* v. *City of Rochester*, 256 id. 165.) The court below found that the plaintiff did not file a claim within thirty days after the injuries to his property were sustained. The overflows in 1938 for which damages are sought occurred after the amendment to the city charter became effective. We believe that, upon the evidence, the defendant Jamestown, Westfield and Northwestern Railroad Company was not responsible for the discharge of waters upon plaintiff's lands and was not liable to the plaintiff for damages caused thereby. The judgment as to it should be affirmed. The judgment appealed from should be modified by reducing the amount of damages awarded to the plaintiff to the sum of $1,755, which is the amount found by the court below to have been caused by the overflow upon plaintiff's property in June, 1937, and by reducing the total amount of the judgment to the sum of $1,906.92, and as thus modified should be affirmed, without costs. All concur, except Harris, J., who dissents and votes for affirmance on the ground that the local law of June 20, 1938, does not include an action in which injunctive relief and incidental damages are sought. (*Sammons* v. *City of Gloversville*, 175 N. Y. 346; *Thomann* v. *City of Rochester*, 256 id. 165.) (The judgment restrains defendant city from maintaining its storm sewer system and ditches so as to discharge water upon plaintiff's land and awards damages to plaintiff. The portion of the judgment appealed from by the plaintiff dismisses his complaint as to the defendant railroad company.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

---

*Charter City of Jamestown, § 33 (Laws of 1923, chap. 665, as amd. by Jamestown Local Laws of 1938, Local Law No. 8).