MARTIN FEUER et al., Plaintiffs, *v.* CHARLES W. BRENNING, Individually and as Town Superintendent of the Town of Cortlandt, et al., Defendants.

Supreme Court, Westchester County, August 1, 1951.

*Myle J. Holley* for plaintiffs.

*Robert J. Dempsey* for defendants.

J. Addison Young, Official Referee. This is an action in equity by which plaintiffs are seeking relief from the alleged unlawful and arbitrary acts of the defendant Charles W. Brenning, who is town superintendent of highways of the defendant town of Cortlandt. The plaintiffs ask for a mandatory injunction ordering and compelling Superintendent Brenning to restore to its former condition that part of Ogden Avenue (formerly known as Coolidge Avenue), in the town of Cortlandt, immediately in front of and adjacent to plaintiffs' premises and as incidental thereto to recover damages resulting from such alleged illegal acts. Similar relief is sought against the defendant Town of Cortlandt.

The evidence shows that in October, 1948, the plaintiffs purchased certain premises situated on the east side of Ogden Avenue in the town of Cortlandt. These premises consist of a plot of land approximately 75 feet in width and approximately 115 feet deep on one side and 143 feet on the other side, and upon said plot of land is erected a one-and-a-half-story residence and attached garage, the premises being occupied by plaintiffs and their family. The property is well shown on photographs thereof in evidence.

At the time plaintiffs acquired their property there was easy access to the garage from the street by means of a concrete ramp and there was likewise easy access to the sidewalk in front of said premises.

In May of 1949, the defendant Brenning came upon the premises and with his employee or employees of the Town of Cortlandt, and with machinery operated by him, owned by the Town of Cortlandt, excavated that portion of the aforesaid Ogden Avenue as immediately abuts upon and is adjacent to plaintiffs' premises in such manner as to destroy and prevent access to plaintiffs' garage and to make hazardous and dangerous access of any kind to plaintiffs' premises and to the use of the sidewalk. The result of this work is likewise shown on the photographs in evidence. The condition existing with respect to said Ogden Avenue, adjacent to and in front of plaintiffs' premises at the time of their purchase was the same as had previously existed for many years.

It was shown that plaintiffs' premises were a part of a large tract of farm land located on the outskirts of the city of Peekskill, which property had been surveyed in 1926 and laid out in lots and streets for development purposes, which map had been duly filed in the Register's Office of Westchester County in 1927 as Map No. 3104. On this map Ogden Avenue is shown

as being forty feet wide and plaintiffs' property is designated thereon as Lots 263, 264 and 265. For many years this property remained inactive and most of the streets, including Ogden Avenue, in the vicinity of plaintiffs' property were nothing more than paper streets. Ogden Avenue was never laid out as provided by section 140 of the Highway Law, nor was it recorded as provided by subdivision 8 of section 140 of the Highway Law, nor did the superintendent of highways notify the county superintendent, as provided by section 170 of the Highway Law, of the laying out of such highway.

There is no contention on the part of the defendants that Ogden Avenue became a public highway by condemnation, dedication and acceptance. However, it is the defendants' claim that at the time the highway superintendent did the work complained of Ogden Avenue, at the point in question, was a public town highway by '' user '' and this question is to be determined from the evidence submitted in the present case.

Whether a street or lot becomes a public highway by '' user '' depends upon proof of compliance with the relevant statutory requirements.

Section 189 of the Highway Law provides: '' All lands which shall have been used by the public as a highway for the period of twenty years or more, shall be a highway, with the same force and effect as if it had been duly laid out and recorded as a highway, and the town superintendent shall open all such highways to the width of at least three rods.''

Upon the trial the defendants' counsel conceded that this statute was never complied with and that Ogden Avenue was never laid out as provided by this statute. It was likewise shown that this street had never been recorded in the town clerk's office as provided by subdivision 8 of section 140 of the Highway Law. It was also shown that Ogden Avenue in front of this property had never been recognized by the town superintendent as a public highway and that in the reports of mileage submitted by the town superintendent to the county authorities, in accordance with subdivision 12 of section 140 of the Highway Law, Ogden Avenue in front of the property in question was not set out as a town public highway.

The evidence of '' user '', submitted by the defendants, was entirely insufficient to support a finding that Ogden Avenue in front of plaintiffs' property had become in this manner a public town highway. According to defendants' evidence it had been at times rough graded and made passable in the center of its width for not exceeding twenty feet for a portion of the way

northerly from Taylor Avenue. Quite recently one or two water hydrants had been located, but nothing at all had been done on the roadway on each side of the twenty-foot strip, and even if the acts of "user", testified to by defendants' witnesses, are to be taken as true, it would not be sufficient to uphold a finding that Ogden Avenue substantially in its entire width of forty feet had been used for twenty years.

On the evidence submitted I am very clear that it cannot be held that Ogden Avenue, north of Taylor Avenue, in front of plaintiffs' property should be held to be a public town highway. (See on this subject — *Palmer* v. *Palmer,* 150 N. Y. 139; *Johnson* v. *City of Niagara Falls,* 230 N. Y. 77; *People* v. *Underhill,* 144 N. Y. 316; *Matter of Wallace Ave.,* 222 N. Y. 139, and *People* v. *Sutherland,* 252 N. Y. 86.)

With a finding to the effect that Ogden Avenue, at the point in question, is not a public town highway it follows that the town superintendent had no right or authority to come into this street and make the excavations and do the work complained of. No record was shown authorizing the work by the town board of the Town of Cortlandt and the town engineer, Mr. Irish, testified that no plan for the work or map was ever made by him or filed. However, the superintendent of highways testified that he did the work on the order of the town board and the evidence shows that town employees and town machinery were used by the superintendent in doing the work.

Defendants' counsel, with other claims, submits that plaintiffs' action should be dismissed because it appears that plaintiffs have no title to the street in front of their property and therefore have no standing to bring this action. He refers to the description in plaintiffs' deed. It appears in that deed that the property is conveyed first by lot numbers 263, 264 and 265 on the map already referred to and thereafter follows a description by metes and bounds, as follows: Beginning at a point on the easterly side of Ogden Avenue and at the northwest corner of Lot No. 262 as shown on the aforementioned map; running thence along the easterly side of Ogden Avenue N. 13° 02′ E. 75 feet to a point; thence S. 76° 58′ E. 114.68 feet; thence S. 7° 54′ 15″ E. 80.31 feet to the northerly side of Lot No. 262 on the aforesaid map; thence along the northerly line of said Lot No. 262, N. 76° 58′ W. 143.37 feet to the point and place of beginning. This description, of course, bounds the property by the easterly side of Ogden Avenue and consequently defendants' counsel argues that plaintiffs have no title to the

street to support the present action. I think there is no merit to this contention.

In *Hennessy* v. *Murdock* (137 N. Y. 317, 322–323) the Court of Appeals stated as follows on this subject — " But we cannot distinguish this case from the *Bissell* case [23 N. Y. 61] and other kindred authorities upon this point. It was there held that as between grantor and grantee the conveyance of a lot bounded upon a street in a city carries the land to the centre of the street, and that there is no distinction in this respect between the streets of a city and country highways, and that the rule applies although the conveyance contains no reference to the street by name, but the lot is described by the number according to an allotment and survey made by the original proprietor, upon whose map the lot is represented as abutting upon a street, *and the depth of the lot is stated by figures, which would not include any part of the street.* This construction has so long prevailed that it has become a rule of property, and it is founded upon the presumed intent of the parties to the conveyance. It is not reasonable to infer that the grantor intended to reserve the title to the fee of the narrow strip lying between the physical boundaries of the lot conveyed and the centre of the street or that the grantee understood that any such reservation had been made. The use of the fee of the bed of the street is so inseparably connected with the ordinary use of the adjacent lot that a severance of the two will not be deemed to have been effected unless the presumption that the grantor intended to pass title to the centre of the street is rebutted by other parts of the deed and by the condition and relation of the parties to the lands conveyed and other lands in the vicinity. (*Mott* v. *Mott,* 68 N. Y. 246.) " (See, also, *McCruden* v. *Rochester Ry. Co.,* 5 Misc. 59.)

The defendants' counsel also contends that this action cannot be maintained because plaintiffs had an adequate remedy at law to recover his damages, if any.

I am of the opinion that the authorities cited by plaintiffs' counsel are sufficient to uphold the present action in equity. As already stated plaintiffs seek here to recover a mandatory injunction requiring the defendants to restore their premises to their original condition, and enjoining them from continuing that condition, in the alternative if such restoration is not made within a reasonable time that the plaintiffs recover damages in the sum of $1,850, which was proven to be the cost of such restoration. Relief of this sort was granted in *Sammons* v. *City of Gloversville* (175 N. Y. 346), *Murcott* v. *City of New York*

(181 App. Div. 171), and *Missall* v. *Palma* (266 App. Div. 861, affd. 292 N. Y. 563).

The last case cited seems to me to be very much in point. In that case action was brought for injunctive relief against the maintenance by defendants of a culvert and its appurtenances, built in part on plaintiffs' land, without permission, which blocked the flow of a stream so as to cause an overflow of sewage and surface waters upon the plaintiffs' premises, and for damages. The complaint, after praying that defendants be permanently enjoined from maintaining the culvert and be compelled to restore plaintiffs' premises to their original condition, asked in the alternative, that plaintiffs be compensated in damages for the permanent appropriation of said land. Relief in this case was granted at Special Term and the judgment was affirmed by the Appellate Division and also by the Court of Appeals.

I am of the opinion that under the doctrine of this case, and the other cases cited, plaintiffs are entitled to recover as prayed for.

Defendants' counsel also argues that the complaint should be dismissed because of failure on the part of the plaintiffs to present their claim for damages in writing as provided by section 215 of the Highway Law and section 50-e of the General Municipal Law.

The *Missall* case (*supra*) and other cases, hold to the contrary on the ground that the statutes requiring the filing of a notice of claim do not apply to equitable actions.

The statutes referred to above do not specifically state that claims must be filed in equitable actions.

Judgment is granted plaintiffs enjoining the defendants from maintaining the condition now existing in Ogden Avenue in front of plaintiffs' premises caused by illegal acts complained of, and shown by the evidence, and directing defendants to restore the property so disturbed by defendants to the condition existing before it was disturbed. This restoration to be accomplished within sixty days from the entry of judgment and service of a copy thereof upon the defendants and to be made in the manner as testified to by the town engineer and under his supervision.

Upon failure of the defendants to comply with the directions above made the plaintiffs may enter judgment against the defendants for the sum of $1,850, representing the cost of such restoration.

Costs are allowed plaintiffs in the present action.