L. Barron Hill, J.
This is a motion to strike an affirmative defense from the answer of the defendant town, on the ground that it is insufficient in law.
The action is one in equity to restrain a continuing trespass by the defendant, by reason of the discharge of surface waters *305 on the land of the plaintiff and to recover $150,000 damages. No proof of claim was filed and the affirmative defense under attack pleads failure to comply with section 67 of the Town Law and section 50-e of the General Municipal Law as a defense to the claim for money damage.
The seeming inconsistency of the cases cited on both sides of this question is more illusory than real. Actually they agree on the proposition that unless the statute is so broad in its terms as to necessarily cover all types of claims, whether incidental to an equitable action for an injunction or not, then it shall not be construed so as to enlarge its application beyond its ordinary meaning. Thomann v. City of Rochester (256 N. Y. 165) goes no further than this and does not in any way overrule Sammons v. City of Gloversville (175 N. Y. 346) wherein a city charter provision, very similar to section 67 of the Town Law, was held not to require a prior notice of claim if it was incidental to an equity action.
I do not think that the incidental character of the money damages is to be determined by the amount demanded so much as by the fact that it is truly ancillary to an injunction suit; i.e., you have a continuing wrong presenting a genuine case for the exercise of the equitable powers of the court.
While Foster v. Webster (8 Misc 2d 61) holds to the contrary on the particular point involved here, it does so without discussion, merely assuming that to be the law.
The motion is granted. Short form order signed.