G. Robert Wither, J.
In this action by the Village of Victor to compel specific performance by defendants of an alleged contract for the sale to the village of a parcel of real estate, defendants interpose two counterclaims in their answer. Defendants aver that for various reasons the alleged contract is void, and in their first counterclaim they seek to enjoin the village from trespassing on their real estate in question, upon which the village has already constructed and is operating a disposal plant. In their second counterclaim defendants reallege such trespass and seek to enjoin the village from maintaining *578 said plant, upon the ground that it constitutes a nuisance. In each counterclaim defendants seek damages in the sum of $15,000.
The village moves herein to strike out the counterclaims for failure to state a cause of action, upon the particular ground that they contain no allegation of compliance with the statutory provisions for service of legal notice of claim pursuant to section 341-b of the Village Law and section 50-e of the General Municipal Law. For the purposes of this motion the court must assume, of course, the truth of the allegations contained in the two counterclaims.
These counterclaims constitute equitable actions to enjoin the village from trespassing upon defendants’ property and from maintaining nuisances thereon. I hold that compliance with said provisions for notice of claim is not required in such actions. (Missall v. Palma, 266 App. Div. 861, affd. 292 N. Y. 563; Feuer v. Brenning, 201 Misc. 792, affd. 279 App. Div. 1033, affd. 304 N. Y. 881; Pansmith v. Village of Island Park, 188 Misc. 1052.)
The plaintiff cites Schenker v. Village of Liberty (261 App. Div. 54, affd. 289 N. Y. 788) to sustain its position, and it claims that such case demonstrates that the law with respect to notice of claim against villages is different from that with respect to notice of claim against other municipal corporations. An examination of the statutes and codes in the various cases on this subject reveals some differences in the notice of claim requirements as they apply to different municipal corporations. It is true that in some cases the particular wording of the statute has been held decisive in sustaining the action without notice. (Sammons v. City of Gloversville, 175 N. Y. 346; Foster v. Webster, 8 Misc 2d 61; Meinken v. County of Nassau, 14 Misc 2d 304.) But I believe that the special wording of the statute in question (Village Law, § 341-b) is not of particular significance on this motion.
In the Schenker case (supra) the acts of the village were performed upon its own property, and it had no reason to know that any third party was damaged or was claiming damage. The same is true.in the cases of Village of Fleischmanns v. Silberman (15 N. Y. S. 2d 904) and Harrigan v. Village of Delhi (34 N. Y. S. 2d 168). The provisions for service of notice of claim were held reasonable and applicable.
In the case at bar however it is alleged that the village is trespassing upon defendants’ property and is committing noisome acts thereon. Similar actions for trespass were sustained in the Missall case (supra) and in the cases cited there *579 with above. The second counterclaim herein, being based upon nuisance, has many aspects similar to the Schenker case (supra) and the Harrigan case (supra) but since it is founded upon alleged wrongful acts of the plaintiff performed on defendants ’ property, it is entitled to stand.
The general validity of the statutory provisions requiring notice of claim as a condition precedent to action against a municipality is not doubted. But such provisions were not intended and cannot operate to curb the equity powers of the court to restrain a continuing trespass.
The cases of Thomann v. City of Rochester (256 N. Y. 165); Realty Associates v. Stoothoff (258 App. Div. 462); Stiger v. Village of Hewlett Bay Park (283 App. Div. 827) and Harrigan v. Village of Delhi (34 N. Y. S. 2d 168, supra) point the way and suggest the rights of the parties herein. It seems that the counterclaims, lacking allegations of notice of claim, may be subject to some motion with respect to the claims for money damages; and it may be that the defendants would be well advised to take steps upon their own initiative to correct their papers with respect to the claims for damages. Upon this motion, however, if any part of the cause of action in each counterclaim is sufficient, the motion must be denied; and the motion is therefore denied.
Submit order accordingly.