MARK A. GRANT et al., Appellants, v. TOWN OF KIRKLAND, Respondent.

Fourth Department, May 16, 1960.

John B. Cosgrove for appellants.

Edward C. Martin for respondent.

GOLDMAN, J.   The present action was brought to enjoin a nuisance allegedly created by the defendant Town of Kirkland in the operation of the town dump located across the road from the plaintiffs' farm.   In addition to the injunctive relief, the complaint asks $15,000 for damages suffered from 1950 to the commencement of the action.   As a partial defense defendant pleads that plaintiffs have failed to comply with section 50-e of the General Municipal Law.   Plaintiffs moved to strike this defense as insufficient as a matter of law.   Special Term denied the motion on the ground that section 50-e " may well afford a defense concerning those damages which accrued prior to the ninety (90) day period for the filing of the claim."   The question on this appeal is limited to the propriety of this ruling.

Section 50-e provides that notice of claim in tort cases " where a notice of claim is required by law as a condition precedent to the commencement of an action " against a public corporation shall comply with the section and shall be given within 90 days after the claim arises.   The case law, however, holds that notice of claim in suits against municipalities need not be given where the action is brought in equity to restrain a continuing act. (Sammons v. City of Gloversville, 175 N. Y. 346; Thomann v. City of Rochester, 256 N. Y. 165; Missall v. Palma, 266 App. Div. 861, affd. 292 N. Y. 563; Feuer v. Brenning, 201 Misc. 792, affd. 279 App. Div. 1033; Meinken v. County of Nassau, 14 Misc 2d 304; Village of Victor v. Angelo, 14 Misc 2d 577.)

The complaint in the case at bar seeks, in addition to injunctive relief, money damages for injury to property and health

stemming from the alleged nuisance. *Sammons* v. *City of Gloversville* (*supra*, p. 351) established the principle that the demand for money damages was subordinate to the main prayer for equitable relief and "incidental to the preventive relief, which is prayed for." In that decision the Court of Appeals enunciated the rule which determines the question before us when it said (p. 351) : "Acquiring jurisdiction for one purpose, it [equity] will retain it for all purposes and adjust, as between the litigants, all matters involved in their dispute. Therefore, we hold that, upon the correct interpretation of the statute [requiring notice], it has no application to a suit on the equity side of the court for relief from wrongful acts in the nature of trespass; which, day by day, cause injury and damage to the complainant; although there is involved a demand for the damages in the past." Having established that the notice provisions were inapplicable where the prayer for money damages was incidental, the court was then free to award money damage in addition to injunctive relief.

Whether the demand for damages is purely incidental cannot be determined in any given situation without an examination of the statute or character provisions controlling the defendant. The Gloversville City Charter (§ 56; L. 1899, ch. 275) which contained the notice requirement in the *Sammons* case merely provided that "all claims for damages alleged to have occurred by reason of the wrongful act or neglect of the city  *  *  * shall be presented in writing to the common council ".

In *Thomann* v. *City of Rochester* (*supra*) where an injunction was granted but damages were denied, the *Sammons* case was distinguished in the following language (pp. 169–170) : "If words so comprehensive do not reach the claim in suit, one is at a loss to imagine how any form of words would be sufficient to include it. Our ruling in *Sammons* v. *City of Gloversville*  *  *  * is in no wise to the contrary. We held of the statute there before us that it excluded causes of action for continuing wrongs and remedies in equity with damages merely incidental. The draftsman of the Rochester statute has taken a leaf from that decision. He has supplied what was there omitted. There is no gap in his catalogue of remedies and wrongs." The Rochester City Charter indeed supplied the gaps omitted from the Gloversville Charter specifying that notice must be given for all claims "whether casual or continuing, continuing and continuous trespass, continuing and continuous invasions of property." (§ 632; L. 1907, ch. 755.) (The charter provisions are cited in the *Thomann* case, pp. 168–169.) This provision specifically covered continuing nuisance

and was more sweeping and all-inclusive than the Gloversville City Charter.

The distinction between the charter in the *Sammons* case and the one in the *Thomann* case was recognized by the Second Department when it wrote in *Missall* v. *Palma* (*supra,* p. 861): "The cases invoked by the appellants (*Thomann* v. *City of Rochester* \* \* \* and *Realty Associates, Inc.* v. *Stoothoff*, 258 App. Div. 462) concern a different and broader type of statute. Moreover in the *Thomann* case (*supra*) the court recognized that its decision in nowise impaired the rule in the *Sammons* case (*supra*)." See, also, *Meinken* v. *County of Nassau* (*supra*) where a motion to strike the defense of section 50-e was granted. The *Meinken* case is directly in point and draws the same distinction between the *Sammons* case and the *Thomann* case as the court drew in the *Missall* case.

Section 50-e comes into play where "notice of claim is required by law as a condition precedent to the commencement of an action". In the present case the suit is against a town. Section 67 of the Town Law provides: "Any claim other than a claim specified in section two hundred fifteen of the highway law which may be made against the town for damages for wrong or injury to person or property or for the death of a person, shall be made and served in compliance with section fifty-e of the general municipal law." The language of this section is very much like the section of the Gloversville City Charter construed in the *Sammons* case. (See *Meinken* v. *County of Nassau, supra*.) With this provision of the Town Law should be compared section 52 of the County Law. That statute is much broader applying to claims "for invasion of personal or property rights, of every name and nature, and whether casual or continuing trespass or nuisance and any other claim for damages arising at law or in equity." This language is clearly similar to provision of the Rochester City Charter construed in the *Thomann* case. (See *Realty Associates* v. *Stoothoff*, 258 App. Div. 462.) If we were dealing with a statute of this breadth the Special Term decision in the instant case would have been correct in concluding that this case fell within the orbit of the *Thomann* case.

The Judicial Conference in its extensive report on section 50-e did not consider the problem posed herein. Rather the Conference dealt with varying procedural points under the statute but did not explore the substantive question here involved. (See Tenth Annual Report of N. Y. Judicial Council, 1944, p. 263; Eleventh Annual Report, pp. 51–52; Twelfth Annual Report, pp. 21–23, 59–60.)

In the present posture of the law as set forth in the decisions governing this appeal the Special Term order should be reversed and plaintiff's motion to dismiss the partial defense should be granted.

HALPERN, J. (dissenting). In my opinion, Special Term properly denied the motion to strike out the affirmative defense based on section 50-e of the General Municipal Law.

Even if we assume that under the existing statutes, no notice of claim need be served in connection with a claim against a town for incidental damages in an action for equitable relief, it does not follow that the affirmative defense should be stricken from the answer in this case on a motion in advance of trial. It cannot be determined until the trial whether the plaintiffs will succeed in their prayer for equitable relief. It may well turn out upon the trial that equitable relief will be denied because of the discontinuance of the alleged nuisance or for some other reason, but that the court will nevertheless decide to retain jurisdiction of the case for the purpose of awarding money damages. In that event, section 67 of the Town Law and section 50-e of the General Municipal Law would plainly be applicable and the damages would be limited to those suffered within 90 days preceding the date of the service of the notice under those sections; if no notice were served prior to the trial, the claim for damages would have to be dismissed for failure to comply with the statutes.

" Even if it is found that the parties are not entitled to equitable relief a court of equity may retain the cause and grant such relief as is proper. [1 Pomeroy, Equity Jurisprudence [4th ed.], §§ 231, 236.] " (*Ferguson* v. *Village of Hamburg,* 272 N. Y. 234, 239.) Even if injunctive relief is denied in this case, the court may retain the case solely for the purpose of awarding money damages, at least in the absence of a demand for a jury trial (*Atlantic Metal Prods.* v. *Minskoff,* 267 App. Div. 1002, affd. 295 N. Y. 566; cf. *Eagle Contrs. of Utica* v. *Black,* 7 A D 2d 622, affd. 8 N Y 2d 732; see, also, the Twentieth Annual Report of N. Y. Judicial Council, 1954, pp. 295–314).

Furthermore, it cannot be determined until trial whether the prayer for equitable relief or the prayer for money damages will turn out to be the main object of the action. In the case of *Sammons* v. *City of Gloversville* (175 N. Y. 346) in which the rule was first laid down that a statutory requirement of notice of claim does not apply to a claim for damages as an incident to equitable relief, the court took pains to point out that the " main object " of the action was the equitable relief and that

the damages were "purely incidental". The amount of damages actually awarded in the *Sammons* case was only $119.50. The equitable relief was truly the "main object" of the action. In *Squaw Is. Freight & Term. Co.* v. *City of Buffalo* (133 Misc. 64) Justice Crosby, later Presiding Justice of this court, refused to apply the *Sammons* doctrine to a case in which the recovery of damages was the principal objective of the action, even though equitable relief was also demanded.

It is improper to strike out the affirmative defense at this stage of the litigation and to deprive the defendant of a defense which may turn out to be a valid and sufficient one in the light of the facts which may be developed upon the trial.

However, I would uphold the sufficiency of the affirmative defense upon broader grounds. Even if the damages sought in this case are held to be merely incidental to equitable relief, I believe that service of a notice with respect to the claim for damages is required under the applicable statutes.

The fact that the wrong for which damages are sought in this case is a continuing one does not render section 67 of the Town Law and section 50-e of the General Municipal Law inapplicable. It is now settled in this State that a statute requiring the service of a notice of claim is applicable to an action at law for damages growing out of a continuing wrong and that recovery will be limited to the damages which were suffered within the period of notice specified in the statute. "[I]t is so abundantly and firmly established in this State as to obviate the necessity of any elaborate discussion that where a defendant unlawfully produces some condition which is not necessarily of a permanent character and which results in intermittent and recurring injuries to another, a separate and complete cause of action arises in favor of the latter every time he is injured as the result of the unlawful act. [Citing cases.] This being so, plaintiffs are limited * * * to damages caused by overflows of their premises within six months preceding the date of filing notice of claim." (*Meruk* v. *City of New York,* 223 N. Y. 271, 276.) The notice of claim statute need not contain any reference to continuing or recurring wrongs in order to make it applicable to such wrongs. A statute which in general terms requires a notice of claim for damages to property or injury to person applies to continuing or recurring wrongs and limits the damages to the period specified in the statute. (*Rayworth* v. *City of Buffalo,* 284 App. Div. 827; *Fitz Gerald* v. *City of Ogdensburg,* 284 App. Div. 767.) In the *Meruk* case and in the Appellate Division cases, the statutory provisions which were before the court did not contain any specific reference to continuing or

recurring wrongs, but were nevertheless held to be applicable to them. Insofar as the *Sammons* case contains dicta suggesting the contrary, it was overruled by the *Meruk* case. (See, also, *Thomann* v. *City of Rochester,* 256 N. Y. 165, 170.)

All that was left of the *Sammons* case after the decision in the *Meruk* case was the holding that the nature of the action was controlling and that, if a claim for incidental damages was asserted in an action for equitable relief, a statute which in general terms required a notice of claim was not applicable. However, subsequent decisions have chipped away at this part of the holding of the *Sammons* case also, so that its authority has been seriously impaired, if it has not been wholly undermined. There are three Court of Appeals cases, decided long after the *Sammons* case (which was decided in 1903), to be considered on this point. The first case was *Thomann* v. *City of Rochester* (256 N. Y. 165). The court there construed a provision of the Charter of the City of Rochester (§ 632; L. 1907, ch. 755) which specifically referred to " claims for damages or injuries to persons or property, arising at law or in equity " in imposing a requirement that claims be presented " within thirty days after such damages, or injuries to persons or property were sustained ". The court held that this provision of the charter applied to claims for damages incidental to equitable relief. (Language similar to that in the Rochester City Charter is used in section 52 of the County Law and section 244 of the Second Class Cities Law.) But the court did not hold that a specific reference to actions in equity, such as that contained in the Rochester City Charter, was essential in order to make a notice of claim statute applicable to claims for damages in equity actions. It held that the language of the Rochester City Charter was sufficient to embrace such claims but it did not undertake to say that a statute in broad general terms which did not refer specifically to equity actions, might not also be sufficient.

The problem came before the court again in *Bush* v. *City of Jamestown* (288 N. Y. 496, affg. 262 App. Div. 944). By local law, the City of Jamestown had amended its charter in 1938 to read in part as follows: " All claims for injuries to the person or property, alleged to have been caused or sustained by reason of defects * * * [in] any highway, street * * * or crosswalk of the city, or injuries to the person or property occurring in any manner whatsoever, where it is sought to charge the city with responsibility therefor, * * * shall be presented in writing to the city council within thirty days after the alleged date of such injuries ". (Local Laws, 1938, No. 8 of City of Jamestown, § 33.) The plaintiff brought an action to

restrain the city from continuing to cause waters to be discharged upon the plaintiff's lands and to recover damages alleged to have been caused in the past. The Appellate Division of the Fourth Department said in its memorandum: "It is our opinion that under the amended provision of the city charter of the city of Jamestown it is necessary in order to recover damages in an equitable action that claims therefor be filed as prescribed in the amendment", citing *Reining* v. *City of Buffalo* (102 N. Y. 308); *Squaw Is. Freight & Term. Co.* v. *City of Buffalo* (133 Misc. 64, *supra*); *Meruk* v. *City of New York* (223 N. Y. 271, *supra*) and *Thomann* v. *City of Rochester* (256 N. Y. 165, *supra*). The judgment for damages was accordingly modified so as to eliminate damages which had occurred after the enactment of the amendment to the charter, because of the plaintiff's failure to present a notice of claim as required by the amendment. One of the Associate Justices dissented upon the ground that the amended provision "does not include an action in which injunctive relief and incidental damages are sought", citing the *Sammons* case. The Court of Appeals unanimously affirmed without opinion. (288 N. Y. 496.)

In the next volume of the New York Court of Appeals Reports, the court dealt with the need for a notice of claim in an action in equity against a village, in the light of section 341-b of the Village Law, as added by chapter 365 of the Laws of 1931, and as amended by chapter 745 of the Laws of 1937 (*Schenker* v. *Village of Liberty*, 289 N. Y. 788, affg. 261 App. Div. 54). Section 341-b, as added in 1931, read so far as here relevant: "Except as provided in sections one hundred and fifty-nine, three hundred and forty-one and three hundred and forty-one-a of this chapter, no action shall be maintained against the village * * * unless a written verified claim stating the time when and the place where such claim arose and in detail the nature of the same, and of the items of damage alleged or claimed to have been sustained * * * shall have been filed with the village clerk within six months after the cause of action shall have accrued". The 1937 amendment inserted a provision allowing one year in which to file a claim arising out of contract and left the rest of the section unchanged, except that the words "no action" were changed to "no other action".

The Appellate Division of the Third Department held that section 341-b applied to a claim for damages asserted in an action for equitable relief (261 App. Div. 54). Again, two of the Associate Justices dissented upon the authority of the *Sammons* case. The Court of Appeals unanimously affirmed the view of the majority without opinion (289 N. Y. 788).

It will be seen that the language of the Jamestown City Charter and of the Village Law is very close to the language in the *Sammons* case, quoted in the majority opinion, which the court in the *Sammons* case held to be insufficient to embrace a claim for damages incidental to equitable relief. It will also be noted that there is no specific reference to equity actions in the provision of the Jamestown City Charter or in the Village Law section, such as there was in the Rochester City Charter, considered in the *Thomann* case; nevertheless, the provisions were held to be broad enough to include claims for incidental damages in equity actions.

Virtually all the statutes referred to couple the requirement of notice with a further requirement of a waiting period after the presentation of the notice before the commencement of an action. Because of the waiting period, the Village Law section has been held to be inapplicable to an action seeking solely equitable relief; the application of the section to such an action would prevent an injured person from seeking immediate injunctive relief even though the circumstances made such relief necessary and proper (*Pansmith* v. *Village of Is. Park,* 188 Misc. 1052, affd. 271 App. Div. 841; *Stiger* v. *Village of Hewlett Bay Park,* 283 App. Div. 827; cf. *Village of Victor* v. *Angelo,* 14 Misc 2d 577, 579). A similar gloss has been placed upon statutes of the type considered in the *Thomann* case (*supra*), e.g., section 52 of the County Law. (*Realty Associates* v. *Stoothoff,* 258 App. Div. 462.) But it was recognized in all these cases that if the claim for equitable relief was coupled with a claim for damages, the notice statute would apply to the latter claim.

It may fairly be inferred from the decisions of the Court of Appeals in *Bush* v. *City of Jamestown* and in *Schenker* v. *Village of Liberty* (*supra*), that a statute in broad general terms, requiring a notice of claim for damages to person or property to be presented within a specified period of time after the occurrence of the injury and forbidding any action to be brought until such notice had been presented, is sufficient to embrace a claim for incidental damages in an equity action. It would accordingly seem that section 67 of the Town Law as supplemented by section 50-e of the General Municipal Law should be held to be applicable to such a claim. The language of those sections is quite similar to that of the statutes considered in the *Bush* and *Schenker* cases.

Section 67 of the Town Law read, prior to the 1959 amendment to be discussed below, as follows: " Any claim * * * which may be made against the town for damages for wrong or injury to person or property or for the death of a person,

shall be made and served in compliance with section fifty-e of the general municipal law. No action shall be commenced upon such claim until the expiration of fifteen days after the service of such notice ''.

There has been no decision of the Court of Appeals construing this section. The decisions in the lower courts are in conflict. Some have held, or implied, that the section applies to claims for incidental damages in equity actions (*Foster* v. *Webster,* 8 Misc 2d 61, 67; cf. *Bernstein's Duck Farm* v. *Town of Brookhaven,* 21 Misc 2d 953; *Jayne* v. *East Hills Water Dist.,* 6 Misc 2d 676). One case has held to the contrary (*Meinken* v. *County of Nassau,* 14 Misc 2d 304).

There are two cases in the Court of Appeals, decided without opinion, construing section 215 of the Highway Law and the provisions of the New York City Charter respectively, which may arguably be claimed to be in conflict with the reasoning of the *Bush* and *Schenker* cases. In one of them (*Feuer* v. *Brenning,* 304 N. Y. 881, affg. 279 App. Div. 1033, affg. 201 Misc. 792), section 215 of the Highway Law as supplemented by section 50-e of the General Municipal Law was held not to be applicable to the claim for damages but it will be noted that in that case the plaintiff sought an injunction permanently enjoining the defendants from maintaining an obstruction in front of the plaintiff's premises and asked for damages only in the alternative as compensation for the cost of restoring the highway to its prior condition, if the defendants failed to comply with the mandatory injunction requiring them to make the restoration at their expense. No damages were sought in the tort sense for consequential injury alleged to have been caused by the obstruction while it was in existence. In his brief in the Court of Appeals, the plaintiff's counsel in the *Feuer* case justified his failure to serve a notice in accordance with the statute upon this ground. In the case of *Missall* v. *Palma* (292 N. Y. 563, affg. 266 App. Div. 861), damages were sought as compensation for a permanent appropriation, as an alternative to an injunction. As the syllabus in the Court of Appeals report states, damages were awarded " to be paid as an alternative to injunction at defendants' election ''. The award of damages for a permanent appropriation, in lieu of an injunction, has been aptly characterized as " inverse condemnation " (*Ferguson* v. *Village of Hamburg,* 272 N. Y. 234, 240, *supra*) ; it is not an award of damages in the tort sense for a past wrongful act. It will be noted that the last sentence in section 67 of the Town Law provides that the section does not apply to " claims for damages or compensation for property taken by condemnation

for any public purpose ". The *Feuer* and *Missall* cases dealt with a conditional award of damages, to become operative only if the injunction was not complied with. This is wholly different from an outright award of damages for past injury, which the *Bush* and *Schenker* cases held was covered by the notice of claim statute, whether the award was made in an action at law or in equity. The *Feuer* and *Missall* cases are therefore not in conflict with the principle of the *Bush* and *Schenker* cases.

In any event, it is unnecessary to decide, for the purpose of the present motion, whether a notice of claim was required in this case under section 67 of the Town Law and section 50-e of the General Municipal Law, as they read prior to the adoption in 1959 of section 50-i of the General Municipal Law, because the adoption of that section settled the question and established that notice was required.

Section 50-i, in broad and sweeping terms, provides that " No action or special proceeding shall be prosecuted or maintained against a city, county, town or village for personal injury or damage to real or personal property alleged to have been sustained by reason of the negligence or wrongful act of such city, county, town or village or of any officer, agent or employee thereof unless, (a) a notice of claim shall have been made and served in compliance with section fifty-e of this chapter ". The section further provides that it " shall be applicable notwithstanding any inconsistent provisions of law, general, special or local, or any limitation contained in the provisions of any city charter."

The Joint Legislative Committee on Municipal Tort Liability, upon whose recommendation the section was adopted, stated in the note appended to the bill that " [i]ts purpose is to clarify and make uniform existing provisions with respect to the filing of claims and the commencement of actions against municipal corporations " (N. Y. Legis. Doc., 1959, No. 36, p. 21). The words " action or special proceeding " are the broadest terms which the Legislature could use. Section 4 of the Civil Practice Act defines the term " action " as " an ordinary prosecution in a court of justice by a party against another party for the enforcement or protection of a right, the redress or prevention of a wrong or the punishment of a public offense ". The term " special proceeding " is defined in section 5 of the Civil Practice Act as " [e]very other prosecution by a party for either of the purposes specified " in the preceding section. The two terms together embrace every possible form of judicial action or proceeding, at law or in equity. It was evidently the intention of the Legislature to include them all

in the new section, insofar as they embraced any claim for "personal injury or damage to real or personal property".

As noted in the majority opinion, section 50-e which was adopted in 1945 (L. 1945, ch. 694) provided only for a uniform type of notice and a uniform period of notice, but it left the basic question of whether any notice was required to be decided in accordance with the existing statutes as construed by the courts. As we have seen, there was a great variety of statutes and there was also a great variety of decisions construing them. The Legislature took the final step toward uniformity in 1959 in adopting section 50-i. It cut across the multiplicity of statutes and imposed a uniform requirement for the giving of notice of all claims for damages in all types of actions against all municipal corporations.

As Governor Rockefeller said in approving the bill: "This bill, recommended by the Joint Legislative Committee on Municipal Tort Liability, advances the steps taken in 1945 toward clarifying and unifying the law with respect to claims against municipal corporations. It centralizes and makes uniform provisions relating to the commencement of actions against municipal corporations which are now found in the General Municipal Law, the Highway Law, the Second Class Cities Law, the County Law, the Town Law and the Village Law. * * * [T]he bill represents a marked improvement over existing law and the practice of simplifying and unifying a miscellany of statutory provisions relating to the same general subject matter is to be heartily encouraged." (N. Y. Legis. Annual, 1959, p. 458.)

It will be noted that chapter 788 of the Laws of 1959 by which section 50-i was added to the General Municipal Law also amended section 244 of the Second Class Cities Law which uses the words "at law or in equity" in describing the types of actions to which it applies and section 52 of the County Law, which also uses those words; and it also amended section 67 of the Town Law, section 215 of the Highway Law and section 341 of the Village Law which do not use the words "at law or in equity". Each of these sections was amended by adding a provision to the effect that "Every action upon such claim shall be commenced pursuant to the provisions of section fifty-i of the general municipal law". The Legislature did not trouble to make the text of the various sections uniform with respect to mentioning or failing to mention "at law or in equity". As has already been noted, claims for damages against villages asserted in equity actions had theretofore been held to be subject to the broad notice requirement of section 341-b of the Village Law

even though that section did not specifically refer to "law or equity". It is evident that the Legislature regarded the textual differences in the pre-existing statutes as immaterial, in the light of the broad provision of the new section 50-i and its expressed intention that section 50-i should "make uniform existing provisions with respect to the filing of claims." The Legislature apparently did not believe that the words " at law or in equity " were essential in order to make section 50-i applicable to all claims for damages against municipal corporations whether the claims were asserted at law or in equity. It would have been better, of course, if the Legislature had amended the text of all the notice statutes and the various city charters to remove the discrepancies which had caused so much confusion and which may continue to cause confusion, but the intent of the Legislature is plain enough. As has been noted, section 50-i specifically provides that all inconsistent provisions or limitations are superseded. There is no suggestion in the statute, or in the report which gave rise to it, of an intention to perpetuate the distinction drawn in the earlier cases between statutes which specifically referred to claims for damages in equity actions and those which in general terms required notice with respect to all claims for damages. Neither is there any suggestion of an intention to differentiate between actions against towns and actions against villages and counties. The expressed intention of the Legislature was to impose a uniform requirement. Concededly, a notice of claim was theretofore required with respect to a claim for damages in an equity action against a village or a county. The effect of section 50-i was to make it clear that the same requirement applied to a similar claim in a similar action against a town.

The conclusion as to the Legislature's intention is the more readily reached because of the absence of any rational basis for distinguishing between claims for damages asserted in law actions and those asserted in equity actions. There is the same need for prompt notice in order to afford the municipality an opportunity to investigate the claim while the facts are fresh, in both types of cases. As the Appellate Division pointed out in *Schenker* v. *Village of Liberty* (261 App. Div. 54, 56, *supra*) there is even greater need to give prompt notice in the case of a claim for damages for a continuing wrong in an equity action so that the municipality may be given an " early opportunity  *  *  *  to remedy the obnoxious conditions " complained of and thus to avoid the accrual of additional damages.

The failure of the Legislature to amend the pre-existing texts to remove all discrepancies does not bar us from giving effect to the legislative intent. An instructive comment by Justice HOLMES, sitting as a Circuit Justice in the First Circuit, furnishes us with the proper guide: " [I]t is not an adequate discharge of duty for courts [in construing a legislative act] to say: We see what you are driving at, but you have not said it, and therefore we shall go on as before." (HOLMES, J., in *Johnson* v. *United States*, 163 F. 30, 32.)

The broad language of section 50-i may usefully be compared with the language of the Charter of the City of Jamestown, quoted (*supra*) and of section 341-b of the Village Law, quoted (*supra*). There is no substantial difference between section 50-i and those provisions and it will be recalled that the Court of Appeals held that they were sufficient to embrace a claim for incidental damages in an action for equitable relief.

I believe that the distinction between claims for damages at law and in equity has been abrogated by virtue of the enactment of section 50-i and that a uniform notice requirement now applies to a claim for damages in any type of action against a city, county, town or village.

While this action was brought on April 3, 1959, and section 50-i did not go into effect until September 1, 1959, it is nevertheless controlling in determining the propriety of the affirmative defense. Since this action is one in equity, damages will be recoverable down to the time of the trial (*Thomann* v. *City of Rochester*, 256 N. Y. 165, 171, *supra*). Insofar as the plaintiffs seek the recovery of damages which accrued after September 1, 1959, the plaintiffs will be bound by section 50-i and no damages will be recoverable for any period after that date in the absence of the service of a notice as specified in section 50-e and, if such a notice is served prior to the trial, the recoverable damages will be limited to a period beginning 90 days prior to the date of the service of the notice (*Bush* v. *City of Jamestown*, 262 App. Div. 944, affd. 288 N. Y. 496, *supra*).

In view of these considerations, the striking out of the affirmative defense is, in my opinion, improper. I would affirm the order appealed from.

All concur, except HALPERN, J., who dissents and votes for affirmance in a separate opinion. Present — BASTOW, J. P., GOLDMAN, HALPERN, McCLUSKY and HENRY, JJ.

Order reversed, with $25 costs and disbursements and motion granted, with $10 costs.