OPINION OF THE COURT
Robert P. Kennedy, J.
Plaintiffs brought action against the Town of Seneca and the County of Ontario demanding judgment permanently enjoining and restraining them from discharging water onto their property, requiring them to proceed forthwith with the preparation of plans and specifications to make adequate disposition of such water in a legal fashion, and for damages sustained by them. Defendant county here moves for summary judgment dismissing the complaint as to it on two grounds: (1) that the said road, Gates Road, is a town road exclusively under the jurisdiction and control of the defendant Town of Seneca and with respect to which the county has no operational or maintenance duties, and (2) that said action was commenced without the prior written notice required by section 52 of the County Law.
The facts are briefly as follows: Gates Road is a town highway running in a generally northerly and southerly direction. There is a ditch along the westerly side of said road which collects surface water which runs northerly until blocked by driveways leading westerly from Gates Road and is then carried under Gates Road in an easterly direction through three culverts allegedly installed by defendants, discharging on plaintiffs’ land.
As to defendant county’s first ground for summary judgment, it is the county’s position that it has no duty in relation to said road and that it cannot, therefore, be held accountable for any claims arising from the operation or maintenance of the road.
Section 102 of the Highway Law places certain duties on the county in regard to town roads. While it is true, as the county *801 maintains, that these duties are, since 1971, subject to the rules and regulations of the Department of Transportation and subject to the supervision of the Commissioner of Transportation, and that prior to that date were subject to the rules and regulations of the Department of Public Works and subject to the supervision of the Superintendent of Public Works, this in no way alters the duty placed on the county by the Legislature. Neither the Department nor the commissioner has the authority to abrogate the legislative mandate. Had the Legislature attempted to give either the authority to do so, such would constitute an unconstitutional delegation of power. "While the Legislature may not delegate its lawmaking powers, not even to the people, it may confer discretion as to the administration of Law. * * * The Legislature may, however, enact statutes in broad outline leaving to administrative officials enforcing them, the duty of arranging details. Thus, while the Legislature may not delegate or surrender its authority to say what the law shall be, it may confer discretion as to the administration of the law, or its execution, and having outlined the legislative policy and fixed the controlling general principles, it may delegate to administrative or other agencies power to determine facts and conditions on which the operation of a law depends” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 3, subd a).
Here, the Legislature has set out certain duties to be performed by the county in relation to town roads. As stated, neither the department nor the commissioner can change those duties or alter the county’s duty to perform them. I can find no rules or regulations of the Department of Transportation or Public Works Department in relation to these matters in the NYCRR. Whether there are such or not in no way affects the duties imposed on the county by section 102 of the Highway Law or relieves it from the obligation of performing same. Subdivision 1 of that section states that the county superintendent has general charge and supervision of the work of constructing, improving, repairing and maintaining all county roads, town highways and bridges within his county. Subdivision 6 of said law places on the county superintendent the duty of approving plans and specifications and estimates for the erection and repair of bridges and the construction and maintenance of town highways.
Paragraph 5 of the plaintiffs’ complaint alleges that both defendants dug, installed, maintained, and enlarged from time *802 to time a ditch along the west side of Gates Road, and in paragraph 7 that the water from the ditch discharges itself through three culverts or pipes installed under Gates Road by "said defendants” onto plaintiffs’ land. To these allegations the county has entered only a general denial and an affirmative defense that Gates Road is not and never has been a part of the county’s highway system but is the sole responsibility of the Town of Seneca. This is not enough to foreclose plaintiffs on a motion for summary judgment. In Tharrett v County of St. Lawrence (24 AD2d 700), the court held that the conceded fact that the road on which the accident occurred was a town road was insufficient to absolve the county of liability. In that case the county’s negligence was an alleged failure to comply with the duties imposed upon it by sections 102 and 139 of the Highway Law after knowledge of the alleged defective condition.
Here, in addition to the general denials and affirmative defense pleaded by the county, there has been submitted in support of its motion the affidavit of the county highway superintendent in which he states that Gates Road is a town highway and that the county was in no way involved in the construction or maintenance of said road and had no obligation to inspect, repair or otherwise maintain any part of said road. This is not a correct statement of the law. The county did have such an obligation imposed on it by section 102 of the Highway Law. Assuming that the county performed these duties as required, the superintendent, pursuant to subdivision 6 of said section, approved the plans and specifications for the construction and maintenance of Gates Road, including the installation of the culverts or pipes in question and that, pursuant to subdivision 1 of said section, he had general charge and supervision of such work. County’s motion for summary judgment on this ground is, therefore, denied.
Because of the doctrine of stare decisis, the county’s second ground for summary judgment should be the easiest to decide but it is not. There is a long line of cases from trial courts, the Appellate Divisions and the Court of Appeals which hold that compliance with the requirements of section 52 of the County Law and sections 50-e and 50-i of the General Municipal Law is not necessary in an action for an injunction where the relief demanded is primarily equitable in nature and the monetary relief demanded is merely "incidental” to the equitable relief sought. To cite just a few: Grant v *803 Town of Kirkland (10 AD2d 474), Cooper v Morin (50 AD2d 32), Fontana v Town of Hempstead (13 NY2d 1134), Thomann v City of Rochester (256 NY 165) and Sammons v City of Gloversville (175 NY 346). Thomann (supra) seems to be the case upon which the others rest. (Grant (supra) cites Thomann and Sammons (supra) as authority; Cooper (supra) cites Grant as authority; Fontana (supra) cites no authority in the Court of Appeals but the Appellate Division in that case cites Grant and Sammons so, in one way or another, all relate back to Sammons and Thomann. Sammons according to Thomann, held that the statute before the court in that case excluded causes of action for continuing wrongs and remedies in equity with damages merely incidental. The court went on to say (256 NY 165, 170): "The draftsman of the Rochester statute has taken a leaf from that [Sammons] decision. He has supplied what was there omitted. There is no gap in his catalogue of remedies and wrongs.”
It is from this language, and other such to be recited later herein, that I have difficulty in reading Thomann as holding what it is so frequently cited as holding. In the first place, the question as to whether or not an injunction should issue was not really before that court. The city had acquiesced in the award of the injunction. The statute before the court in Thomann is in most respects identical to section 52 of the County Law. The court continued in Thomann (256 NY 165, 169, supra): "By its express terms, the notice of claim must be presented whether the wrong be intermittent or continuing, and whether the remedy invoked be at law or in equity.” If the court was holding that provisions comparable to those in section 52 of the County Law were not required to be complied with in cases involving injunctions, why did it say (p 174): "We think the case at hand does not call for an expression of opinion as to the validity or the meaning of the three months provision in its application to causes of action for equitable relief. * * * We might hold not inconceivably that the only effect of the limitation would be to postpone the enforcement of the remedy for damages, and that the action could still be maintained as one for injunction merely”? (Emphasis added.) Why, if the court was holding that the provisions comparable to those in section 52 were not required to be complied with in cases involving injunctions, did the dissent, in forceful terms, feel it necessary to say (p 175): "The provision of the charter in question, if construed literally, prevents a party who is *804 suffering an irreparable injury, because of acts being performed by the city in its proprietary or corporate capacity, from commencing an action in the Supreme Court and applying for an injunction to restrain such acts 'until three months have elapsed after presentation of the claim to the common counsel.’ The provision, if valid, requires one whose property is being destroyed to stand by and see it destroyed without the right to prevent it by injunction. The effect of the statute would be to delay the right to apply to a court of equity for protection until the application would be useless, and by the enforced delay the party injured would be deprived of the court’s protection”?
It is this language which causes me to question whether the court in Thomann (256 NY 165, supra) ever held what it is so often cited as holding. In Realty Assoc. v Stoothoff (258 App Div 462, 464), that court found that Thomann had not answered the question at issue and said: "The question left open in the Thomann case has never been settled.” That court then went on to "settle” it and said (p 464): "We hold that, in spite of the failure to comply with the statute, that part of the cross-action is maintainable in which the respondents seek injunctive relief’, (the statute under consideration in Realty Assoc, being section 6-a of the County Law, the forerunner of the present section 52).
The foregoing notwithstanding, the same Department in Seabreeze Marina at Smithtown v Town of Smithtown (25 AD2d 780), which was an action for, among other things, an injunction, held, "On the appeal by County of Suffolk, order, insofar as appealed from, reversed, with $10 costs and disbursements; action as against the county severed; and first amended complaint as to the county dismissed. In our opinion no statutory notice of claim was necessary as a prerequisite to this action as against the town [citation omitted]. The action as against the county, however, is governed by section 52 of the County Law. That section encompasses an action in equity for a continuing wrong and damages, such as is here alleged [citation omitted]. The plaintiff may not maintain an action against the county for equitable relief and damages without compliance with sections 50-e and 50-i of the General Municipal Law”. The court cites Realty Assoc. (258 App Div 462, supra) as authority for this last statement. I read the two cases as coming to completely different conclusions.
The Fourth Department, in Cooper v Morin (50 AD2d 32, *805 36, supra), a case in which plaintiff sought equitable remedies of injunction as well as money damages, held, "Where the relief demanded is primarily equitable in nature and the monetary relief demanded is merely 'incidental to’ the equitable relief sought, the notice of claim provisions of the General Municipal Law do not apply (Fontana v Town of Hempstead, 13 NY2d 1134, 1135; Grant v Town of Kirkland, 10 AD2d 474). Since the complaints do not primarily seek money damages with equitable relief only incidental thereto, a notice of claim is not a necessary condition precedent to bringing the suit (Fontana v. Town of Hempstead, supra).”
My problem with this holding is that both cases cited by the court as authority for its holding involved cases against towns and section 67 of the Town Law, while the matter before it involved the County of Monroe which would bring into play section 52 of the County Law. We must assume that the Legislature knew what it was doing and that it must have had a reason for making section 67 of the Town Law so much more restrictive and less sweeping in its commands than section 52 of the County Law, the difference pointed out in Thomann (256 NY 165, supra) when discussing Sammons (175 NY 346, supra). However, this court also seems to have changed its position when 11 months later, it held, in Doran v Town of Cheektowaga (54 AD2d 178), a case which involved Erie County and which sought, among other things, injunctive relief, that pursuant to section 52 of the County Law, section 50-e of the General Municipal Law must be complied with, citing Thomann (supra). Neither Fourth Department case, however, dealt with the injunction issue, limiting itself to discussions of damages.
Boyle v Kelley (42 NY2d 88) appears to be the latest case dealing with this matter. In Boyle action was brought against the Police Commissioner of Suffolk County seeking the return of money wrongfully withheld by the commissioner. The trial court granted plaintiff summary judgment, finding that plaintiff had established his cause of action for wrongful detention and denied defendant’s cross motion for judgment dismissing the complaint (CPLR 3211, subd [a], par 7) for failure to state a cause of action (failure to comply with or allege compliance with the requisite notice of claim provisions of the General Municipal Law and the County Law). The Appellate Division affirmed but the Court of Appeals reversed saying the plaintiff’s motion for summary judgment should be denied and *806 defendant’s motion to dismiss the complaint should be granted. In doing so, the court said, in part (42 NY2d 88, 91): "Second, even were this to be viewed as an action in equity, the specific language of subdivision 2 of section 52 of the County Law would still require notice of claim. Subdivision 1 of that statute provides, in language sufficiently broad to cover the instant situation, as follows: [the court then quoted subdivision 1 of section 52]. The failure then to make such a claim requires a reversal.”
The court in Realty Assoc. (258 App Div 462, 463, supra) said, "But this section, in spite of its apparently sweeping language, is susceptible of a construction making it inapplicable to actions for purely equitable relief. It can reasonably be construed to apply only to actions at law or to claims for money damages incidental to actions in equity.” I submit that it can just as reasonably be construed as being applicable to, in the words of section 52 of the County Law, "[a]ny claim”. As the court said in Thomann (256 NY 165, 168-169, supra): "It is almost as comprehensive as words could make it.” It is difficult for me to see how, given such sweeping language, actions for injunctions are excluded from its terms. There may well be, as suggested in the dissent in Thomann, constitutional challenges to its application to injunctive relief, but that issue has not as yet been met, Thomann expressly refraining from doing so.
Since the only decision of the Court of Appeals dealing with the injunction issue appears to be Fontana (13 NY2d 1134, supra), which concerned itself with section 67 of the Town Law, I believe that as far as that court, at least, is concerned, the question is still open as to whether or not compliance with section 52 of the County Law, and through it sections 50-e and 50-i of the General Municipal Law, is a condition precedent in an action seeking injunctive relief. This gives the plaintiffs the benefit of the doubt as to the holding in Boyle (42 NY2d 88, supra) which did not involve, directly or indirectly, an injunction.
For all of the foregoing, and this being a motion for summary judgment, the county’s motion is denied.