■ PATRICK MALCURIA et al., Respondents-Appellants, v TOWN OF SENECA, Appellant-Respondent, et al., Defendant. — Judgment unanimously modified and, as modified, affirmed, with costs to plaintiffs, in accordance with the following memorandum: In an action to restrain defendants from discharging water upon plaintiffs' lands, and for other relief, defendant Town of Seneca appeals from a judgment which permanently enjoined it from using plaintiffs

lands for the drainage of water flowing from the west side of Gates Road, and which dismissed on the merits its claim that it had a prescriptive easement for such drainage. Plaintiffs cross-appeal from the judgment insofar as it dismissed their claim for monetary damages because no notice of claim was served upon the town. The facts underlying this action are set out in a previous appeal in this case in which we dismissed a claim for monetary damages against the County of Ontario for plaintiffs' failure to file a notice of claim pursuant to section 52 of the County Law *(Malcuria v Town of Seneca,* 66 AD2d 421). There is substantial evidence on this record from which the trial court could conclude that the prescriptive easement obtained by the town to divert and drain water upon and across plaintiffs' lands is void as to plaintiffs. They were good-faith purchasers of the property without actual or constructive notice of the encumbrance (Real Property Law, § 291). The trial court erred, however, in dismissing plaintiffs' claim for monetary damages because of their failure to serve a notice of claim. Section 67 of the Town Law provides that any claim for damages against a town "for wrong or injury to person or property *** shall be made and served in compliance with section fifty-e of the general municipal law." This statute has no application to actions for relief from wrongful acts in the nature of a continuing trespass, however, even though a claim is also made for incidental monetary damages *(Sammons v City of Gloversville,* 175 NY 346; see *Fontana v Town of Hempstead,* 13 NY2d 1134, 1135; *Grant v Town of Kirkland,* 10 AD2d 474). Section 67 of the Town Law omits the comprehensive language of section 52 of the County Law which requires the filing of a notice of claim for damages "arising at law or in equity" *(Thomann v City of Rochester,* 256 NY 165; see *Malcuria v Town of Seneca,* 66 AD2d 421, *supra). Grant v Town of Kirkland* (10 AD2d 474, *supra)* is dispositive. In *Grant* we said that section 67 of the Town Law was analogous to the statute in *Sammons,* whereas section 52 of the County Law paralleled the Rochester statute in *Thomann.* We applied the *Sammons* line of reasoning and allowed the claim for damages against the Town of Kirkland *(Grant v Town of Kirkland, supra,* p 477). (Appeal from judgment of Ontario Supreme Court, Mastrella, J. — injunction — water drainages.) Present — Simons, J.P., Hancock, Jr., Denman, Moule and Schnepp, JJ.