(109 App. Div. 391)

PAGE v. HERKIMER LUMBER CO. et al.

(Supreme Court, Appellate Division, Fourth Department. November 29, 1905.)

1. INJUNCTION—TRESPASS—DAMAGES—TREBLE DAMAGE STATUTE.

Code Civ. Proc. §§ 1667, 1668, authorizing recovery of treble damages for trespass. provide for a particular action to recover such damages, and do not fix the measure of damages which may be awarded in an equitable action for an injunction and incidental relief by way of damages.

2. JURY—RIGHT TO JURY TRIAL—NATURE OF CAUSE OF ACTION.

A complaint alleged that defendants had wrongfully trespassed upon plaintiff's rights by unlawfully cutting timber from his premises, and threatened to continue such acts to his irreparable damage, and contained a general prayer that defendants be restrained from committing the unlawful acts and that plaintiff recover damages for those already committed. In addition to these allegations the complaint further al-

leged that by reason of such acts of trespass defendants were liable, under Code Civ. Proc. §§ 1667, 1668, to pay treble the amount of actual damages sustained by plaintiff, and the prayer for damages sought to recover treble damages. *Held*, that the allegations as to treble damages were superfluous and not applicable to the case, which was primarily in equity for an injunction, and defendant was not entitled to a jury trial on the theory that the action was one at law.

Appeal from Special Term, Herkimer County.

Action by Theodore A. Page against the Herkimer Lumber Company and others. From an order denying a motion for a jury trial, defendants appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

Charles E. Snyder, for appellants.
Spencer Brownell, for respondent.

HISCOCK, J. Defendants, upon their appeal, insist that the complaint in this action sets forth two independent, complete causes of action against them for treble damages, under sections 1667 and 1668 of the Code of Civil Procedure, for cutting down and carrying off trees and timber, and that they have an absolute constitutional right to have such issues tried before a jury, of which right they cannot be deprived because plaintiff has combined in the same complaint said causes of action with an alleged equitable cause of action. If we are compelled to construe plaintiff's complaint as setting forth the statutory causes of action mentioned, we should follow defendant's contention, and hold with them that they were entitled to have the same tried before a jury, and that the order denying such rights was erroneous.

A consideration of the entire complaint, however, leads us to the conclusion that it should not be construed, as urged by defendants, as setting forth such causes of action, but that, in view of all of its allegations and of its entire scope and purport, it may and should be construed as a complaint in equity seeking to restrain the commission of future acts of trespass, and incidentally asking further relief in the way of damages for those already committed; some unnecessary allegations and erroneous conclusions of law being inserted, which have led to the opposing views herein. Except for the allegations hereinafter specifically referred to, the complaint fairly and plainly alleges that the defendants have wrongfully trespassed upon the plaintiff's rights by unlawfully cutting certain timber upon his premises, and that at the present time they are continuing, and in the future threaten to continue, such acts of trespass, to his irreparable damage. These allegations are followed by the general prayer for relief, appropriate to an action in equity, that defendants be restrained from committing their unlawful acts and that plaintiff recover certain damages for those already committed. All of these allegations are of a familiar nature, as appropriate to an equitable action. In addition to them, however, and causing all of the trouble herein, plaintiff has thrown in some other allegations, following those of the trespasses alleged already to have been committed by defendants, to the effect that thereby, and by reason of such acts

96 N.Y.S.—18

of trespass, the defendants are liable, under sections 1667 and 1668 of the Code of Civil Procedure, to pay treble the amount of actual damages sustained by the plaintiff, and his prayed-for damages incidental to the equitable relief sought herein are made up upon such theory of treble damages.

An action for treble damages for acts of the character alleged is an independent and complete and special cause of action under the sections of the Code referred to. It seems very clear to us that the provisions of those sections relate to and provide for that particular action, and that they cannot by any possibility be regarded as fixing the manner in which the damages for such acts of trespass might be measured in an equitable action for an injunction and incidental relief by way of damages. Apparently, however, the pleader in this action entertained a different theory, and believed that in an equity action those sections of the Code might be utilized as giving a standard by which to measure and recover damages for the unlawful acts herein specified, and, as we study the entire complaint, we think that he was misled by such erroneous conception of the law into throwing into his complaint these allegations with reference to the sections of the Code named, as justifying a certain measure of damages in his equitable action, rather than for the purpose of setting forth independent and statutory causes of action for treble damages.

It is upon this theory that the action is an equitable one, and that the allegations with reference to treble damages are superfluous and not applicable to the measurement of any damages which may be recovered herein, that we hold that the order denying defendant's application for a jury trial was properly made and may be sustained.

Order affirmed, without costs. All concur.