L. Barrow Hill, J.
This is a multiple motion to dismiss the complaint on no less than six grounds or, in the alternative, to strike out certain portions of the complaint as irrelevant and unnecessary.
Plaintiff, for his part, objects to a consideration of the points raised by the defendant because the notice of motion does not specify the particular sections of the Civil Practice Act -under which it is made. Also, since the moving* papers contain no affidavits, plaintiff contends that, in any event, the motion can be considered under rule 106 but not under rule 107, e.g*., the Statute of Limitations objection which is listed under subdivision 6 of rule 107, but does not occur under rule 106.
Although it would seem to be the better practice to specify the appropriate section or rule under which a motion is made, there appears to be no definite requirement to that effect. Buie 62 directs that defects, mistakes, etc., be specified in a notice of motion, but this deals with the regulatory motion and, in any event, does not require a designation by number.
As to plaintiff’s second objection, this is more troublesome.
Before the 1944 amendment, rules 106 and 107 were destín *954 guished in their application by whether or not the allegad defect appeared on the face of the complaint. If it did, and the defect, for instance, was the Statute of Limitations, you could not dismiss under rule 106, because there is no such ground under that rule, and you could not dismiss under rule 107 because, while it is covered by subdivision 6 of that rule, the catchline limited the rule to cases where the defect did not appear on the face of the complaint and hence you were precluded from recourse to that rule under such circumstances. (Hoffman v. Mittlemanm, 147 Misc. 442.)
This was unrealistic and illogical and, therefore, the qualification was eliminated from the catchline in September, 1944 and the word ‘£ affidavit ’ ’ substituted so that it now reads : ££ motion for judgment on the complaint and affidavit ”. (See Tenth Annual Report of N. Y. Judicial Council, 1944, pp. 317-322.)
Obviously, where the defect is not in the complaint, an affidavit is indispensable, but I would not take this to mean that where the defect is in fact on the face of the complaint, but the motion is nevertheless made under rule 107 because it comes under one of the last five subdivisions of that rule, the moving party must submit affidavits. To be sure, even though he does not, the •plaintiff would be at liberty to use such affidavits as he wished, as, for instance, to show a tolling of the statute, since he is not required to plead that in his complaint.
Therefore, I think this motion can be considered on the merits, though, because of a pardonable confusion on the plaintiff’s part as to its rights, I would not be inclined to decide the motion without giving him an opportunity to submit affidavits; but in view of the decision about to be made, this does not appear to be necessary at this time.
The action itself is to restrain the maintenance of a town dump on the ground it is a nuisance and to recover money damages as an incident thereof.
Considering the latter portion of the motion first, defendant objects to paragraphs “ 5 ” and ££ 6 ” of the complaint because they allege that the acts complained of have been going on for a period in excess of eight years. The town wants these statements stricken out because they did not take place within the 60-day statutory period for the notice of claim.
In the prior sentence, defendant claims that the complaint should be dismissed because it fails to show actual or constructive notice of the nuisance. In other words, the plaintiff is to be damned if does and likewise to be damned if he does not.
*955 The objection that the plaintiff, as a partnership, is not a legal entity and cannot sue as snch would have been valid prior to the adoption of section 222-a of the Civil Practice Act. Although defendant cites the section, he gives no intimation of why its specific provisions are not an answer to his objections at the- present time.
As to the failure to insert the day of the month in the notice of claim, ample provision is made for correcting such errors, if it be an error, in subdivision 6 of section 50-e of the General Municipal Law. But no such motion is pending before me and furthermore the section itself does not call for a notice “ dated ” within 60 days of the claim but rather that it be “ given ” within 60 days. Certainly, the actual date of service would control over the mere recital of a date in the notice if there were any conflict.
Coming now to the remaining question of the Statute of Limitations, at the outset it may be well to point out that the various notice of claim statutes dealing with municipal corporations usually contain more than one limitation. If this distinction is borne in mind, it assists in understanding apparently irreconcilable decisions. First, there is a time within which a claim must be filed; second, there is often a minimum waiting time before commencing suit; and, lastly, there is an overall short Statute of Limitations within which a suit must be commenced.
Schenker v. Village of Liberty (261 App. Div. 54 [3d Dept., 1941]), cannot be brushed aside on the ground that section 341-b of the Village Law is broader than other statutes. As a matter of fact, it is not nearly so broad as section 6-a of the County Law considered in Realty Associates v. Stoothoff (258 App. Div. 462 [2d Dept., 1940]). The former merely says “ no other action ” while the latter specifically undertakes to cover: ‘ ‘ Any olai-m * * * of every name and nature whatsoever, whether casual or continuing, continuing and continuous trespasses * * * arising at law or in equity and enforceable or sought to be enforced at law or in equity
In neither case was any attempt made to comply with the respective statutes, but the suit was allowed to stand in the Second Department strictly as an equitable action while the Third Department dismissed the complaint which sought both an injunction and money damages for six years prior to suit.
Sammons v. City of Gloversville (175 N. Y. 346), which allowed an injunction against the dumping of sewage in a creek and damages for six years although no notice of claim was filed is distinguished in the Schenker case by -the circumstances that Gloversville had only one Charter provision while the Village *956 Law has a series of sections which they found undertook to cover all possible actions.
Both cases pay their respects to Thomann v. City of Rochester (256 N. Y. 165), where City Charter provisions were considered much like section 6-a of the County Law and much broader and more comprehensive than anything contained in the Village Law (the Schenker case) or in section 67 of the Town Law (the instant case). As Judge Cardozo aptly says (pp. 168-169): “ It is almost as comprehensive as words could make it ”, and that it was designed to apply to continuing trespasses sought to be abated in equity cannot be. doubted even on a most casual reading. Yet the opinion intimates, and the intimation was subsequently adopted in the Realty Associates (supra) case, that a purely equitable action would not be covered. Actually a notice of claim had been served in the case but only after the public dump complained of had been maintained for four years. In a modification of the rule in the Sammons case (supra), damages were limited to 30 days before notice was filed. They would in any case have been limited by the overall one-year short Statute of Limitations. But it is pointed out in an indirect way that, short of the ripening of a full prescriptive right, the one-year limitation could not affect the equitable actions, since a new cause of action arises every day, or, for that matter, every minute the wrong is continued.
Here the plaintiff served a notice and since he does not claim damages for more than the statutory time, which in this case was for 60 days prior thereto, his 'slumbering on his rights is irrelevant, at least for the purposes of this motion.
Nor is the discrepancy between the amount claimed in the notice and that claimed in the complaint objectionable, since if such statutes' are to be workable at all in cases of this kind, the hiatus between a notice of claim and judgment must be dealt with in some fashion other than by filing innumerable notices and commencing as many suits. If the amount of the difference seems excessive, we are not concerned with the pure question of amount on this motion.
The motion is, therefore, denied in all respects.