Samuel Rabin, J.
This is a motion by the plaintiffs for a discovery and inspection and examination before trial, and a cross motion by the defendant to dismiss the complaint, or, in the alternative, to direct the plaintiffs to serve a reply to their affirmative defense.
Plaintiff Jayne alleges that she possesses a life tenancy in certain real property and plaintiff Niegoeki alleges that she is a reversionary owner thereof. Both allege that the defendants “ entered upon said property on or about May 1, 1955 and have installed pipes thereunder and occupied the same without the permission of the plaintiffs.” They seek injunctive relief and money damages.
The defendants interposed a general denial and an affirmative defense based on the Statute of Limitations contained in section 67 of the Town Law and section 50-e of the General Municipal Law. It is apparent that the notice of claim required by these sections was not served on either defendant.
Section 67 of the Town Law provides as follows: “Any claim other than a claim specified in section two hundred and fifteen of the highway law which may be made against the town for damages for wrong or injury to person or property or for the death of a person, shall be made and served in compliance with section fifty-e of the general municipal law. No action shall be commenced upon such claim until the expiration of fifteen days after the service of such notice and no action may be commenced subsequent to one year after the alleged cause of action accrued. This section shall not apply to claims for damages or compensation for property taken by condemnation for any public purpose.”
*678 The court has been unable to find a similar provision specifically applicable to water districts. According’ly, section 50-e of the General Municipal Law is not pertinent as to defendant water district.
Even though this action seeks recovery for damages already sustained, its demand is essentially for equitable relief. The defendants, in their brief, acknowledge that where a plaintiff seeks equitable relief for a continuing wrong against a municipal corporation, the Statute of Limitations provisions of section 67 of the Town Law and section 50-e of the General Municipal Law are inapplicable. They contend, however, that where a plaintiff seeks monetary damages for a continuing wrong, the above sections are applicable.
While it may develop at the trial that the first and second causes of action are for money damages for a continuing wrong which would make them subject to a motion to dismiss on a consideration of the complaint alone, it cannot be said as a matter of pleading that the first and second causes of action are for a continuing wrong. Accordingly, the motion to dismiss the complaint must be and is denied. (Sammons v. City of Gloversville, 175 N. Y. 346.)
Since the plaintiffs do not indicate the books and records of which they seek a discovery and inspection, and the defendants allege that all records pertaining to the inquiry are public records, the motion for a discovery and inspection is denied. The motion to examine the defendants before trial is granted. The examination will take place in the Supreme Court, Suffolk County, at an hour and a date to be agreed upon, unless the parties stipulate to conduct the examination at a different place. The defendants may choose, in the first instance, the officers or employees having knowledge of the facts under inquiry. The motion to compel a reply to the affirmative defense alleged in the answer is denied.
Settle order.