Henry A. Hudson, J.
The plaintiffs have moved for an order striking out paragraph “Third” of the defendant’s answer upon the ground that it is insufficient as a matter of law. Paragraph “ Third ” of the defendant’s answer reads as follows: “ As and for a further defense to the plaintiff’s alleged cause of action the defendant alleges: That the plaintiff has failed to comply with the requirements of Section 50-e of the General Municipal Law as a condition precedent to the commencement of this action. ’ ’
The cause of action set forth in the plaintiffs’ complaint is an equitable action brought to abate and remove an alleged nuisance resulting from the maintenance by the defendant, Town of Kirkland, of a town dump across the road from the plaintiffs’ land. As a result thereof, the plaintiffs allege that their premises and personal property thereon, since the Spring of 1950, has been severely damaged. The plaintiffs seek a judgment abating and removing such nuisance and damages in the sum of $15,000.
It appears to this court that the law is well settled that the provisions of subdivision 1 of section 50-e of the General Municipal Law which relates to tort actions, such as the one in the present case, do not apply so as to limit the right to equitable relief abating a nuisance. The cases, however, go further than this in respect to that portion of such a cause of action which relates to the recovery of damages. In respect to damages, the provisions of section 50-e may well afford a defense concerning those damages which accrued prior to the 90-day period for the filing of the claim. (Sammons v. City of Gloversville, 175 N. Y. 346; Meinken v. County of Nassau, 14 Misc 2d 304; Jayne v. East Hills Water Dist., 6 Misc 2d 676; Foster v. Webster, 8 Misc 2d 61, 63; Bernstein’s Duck Farm v. Town of Brookhaven, 21 Misc 2d 953.)
The defendant relies primarily upon Thomann v. City of Rochester (256 N. Y. 165). This case has been held not to overrule Sammons v. City of Gloversville (supra) but construed a much more limited statute. (Foster v. Webster, supra; Meinken v. County of Nassau, supra.) The statute considered in the Thomann case is not comparable with the provisions of section 50-e.
*1089 While I do not consider that the provisions of subdivision 1 of section 50-e would constitute a defense to the plaintiffs’ action to abate the nuisance, it may well constitute a proper defense against the plaintiffs’ claim for damages. The complaint indicates that this may cover a period of some nine years, as the damages are alleged to have commenced in 1950 and paragraph “ Third ” may, therefore, be a perfectly proper defense to that portion of the plaintiffs’ action relating to damages. (Jayne v. East Hills Water Dist., supra; Realty Associates v. Stoothoff, 258 App. Div. 462; Bernstein’s Duck Farm v. Town of Brookhaven, supra.)
The plaintiffs’ motion to strike out paragraph “ Third ” of the defendant’s answer is denied, without costs.