Edward G. Baker, J.
Two causes of action are stated in the complaint. In the first, plaintiffs seek to enjoin an alleged continuing trespass on their property by the defendants. In the second, they seek money damages for the alleged destruction of trees and shrubs and for the removal of soil from their land.
Plaintiffs are the owners in fee of an improved parcel of land in the Borough of Richmond, located on the westerly side of Giffords Lane distant approximately 366 feet northerly from the northerly side of Woodland Avenue, having a frontage on Giffords Lane of 82 feet and an approximate depth of 103 feet.
*943 In 1956, the defendant City commenced a condemnation proceeding to acquire land on both sides of Giffords Lane for the purpose of widening the street. On November 19,1956, an order was entered granting the petition to condemn. By resolution of the Board of Estimate theretofore adopted (Journal of Proceedings, Cal. No. 80, May 12, 1955) it was provided that title to the property to be acquired was to vest in the city upon the date of filing of the final decree. In March, 1959, new map lines were adopted by the Board of Estimate, and in April, 1961, an order was entered amending the proceeding accordingly. The amendment effected no change in the location or quantity of plaintiffs’ land to be acquired.
In November, 1958, the city entered upon plaintiffs’ land without their permission or consent, and erected therein a manhole and a 30-inch reinforced concrete pipe or culvert the purpose of which was to contain and channel the flow, from the adjacent street area, of storm and surface waters which theretofore had passed through an open brook or drain which ran through and across the northeasterly corner of said land. The work was done within an area of plaintiffs ’ land designated on the damage map as part of the area to be acquired by the city in the condemnation proceeding. After the work was accomplished, the city, with plaintiffs’ permission, backfilled the area.
Clearly, the city was without power or authority to enter upon and use or appropriate any part of plaintiffs’ land, in absence of acquisition of title, without their consent and without compensation. The entry of the order to condemn and the filing of the damage map indicating the land proposed to be acquired obviously conferred no such right. No provision of the Administrative Code of the City of New York empowers the city to enter upon the lands condemned, in advance of the vesting of title, except for the purposes stated in section B15-5.0 thereof. The entry of the order in such a proceeding affords no assurance that the proceeding will be prosecuted to final decree. At any time prior to the vesting of title, the Board of Estimate by resolution may effect a discontinuance of the proceeding as to the whole or a part of the lands to be acquired (Administrative Code, § B15-35.0).
The defendants’ claim of continuous user by the public for more than 20 years of the area proposed to be acquired is not supported by the proof. In any event, user alone, no matter how long continued, could not ripen into a prescriptive right. “ [N]aked user by the public, whether the theory be dedication or prescription, is not enough. It must also appear that the *944 road was kept in repair or taken in charge and adopted by the public authorities during the period of time in question ” (De Haan v. Broad Hollow Estates, 3 A D 2d 848; Morgan v. McLoughlin, 6 Misc 2d 434; affd. sub nom. Morgan v. City of Glen Cove, 6 A D 2d 704, affd. 5 N Y 2d 1041). Moreover, “ [a] municipality by commencing proceedings under its charter to acquire land for the purposes of a street admits the landowner’s right, and it may not claim in such proceedings that the land has been dedicated by the owner to the public use as a highway ” (Headnote). (Matter of Village of Olean v. Steyner, 135 N. Y. 341.)
The case of Village of St. Johnsville v. Smith (184 N. Y. 341) cited by defendants, sustains rather than impairs plaintiffs’ position. There, the village authorities, without the owner’s consent, entered upon his land, prior to the institution of condemnation proceedings, constructed a reservoir and installed equipment in connection therewith. The court held that the invasion of plaintiff’s land was tortious and that the village and its agents were trespassers notwithstanding a survey had been made and a map of the land filed under the statute then in force. The court said that the mere making and filing of the map in condemnation proceedings conferred no authority on the village to take possession of plaintiff’s land. The question there posed was the measure of compensation to be awarded the owner of the land and it was held that the owner was entitled to an award based upon the value of the land taken, as enhanced by the improvements made by the village prior to the taking of title. The work done by the village on his land resulted in enhancement rather than diminution in its value, and the court held that the award should reflect the increase. This case, clearly, is not authority for the proposition that plaintiffs here are without present redress for a trespass which is tantamount to a taking of a portion of their property for public use without authority of law and without just compensation.
Plaintiffs, however, are not entitled to an absolute injunction. The installations made by the defendants in plaintiffs’ land were part of a system installed to provide for the necessary and adequate drainage of storm waters from the public street adjacent to plaintiffs’ property and from the surrounding area. In the circumstances here, this court has jurisdiction to grant a decree of * ‘ inverse condemnation ’ ’ fixing the amount of past and permanent damages resulting from the ‘ ‘ taking ” of a part of the land, and granting an injunction to take effect only if defendants fail to pay such damages upon delivery of a conveyance. (Pappenheim v. Metropolitan El. Ry. Co., 128 N. Y. 436, *945 444; Cox v. City of New York, 265 N. Y. 411; Ferguson v. Village of Hamburg, 272 N. Y. 234.)
However, the evidence in the action is insufficient to enable the court adequately to describe the part of plaintiffs’ land to be conveyed, or to ascertain the fair and reasonable value thereof and the consequential damage, if any, resulting from the taking. For the purpose of obtaining the additional necessary proof with respect to these items, the matter will be set down for further hearing on a date to be agreed upon among counsel and the court.
The second cause of action stated in the complaint is an independent statutory cause of action in which plaintiffs seek treble damages for the alleged destruction by defendants, in the course of the work done by them on the land, of trees and shrubs (Real Property Law, §§ 533, 534). Concededly, plaintiffs failed to comply with the requirements of section 50-e of the General Municipal Law and section 394a-1.0 of the Administrative Code. With respect to this cause, compliance therewith was a condition precedent to the commencement of the action. For failure to comply with the requirements of the statutes this cause of action is dismissed.
In support of their position that no notice of claim was required with respect to this cause of action plaintiffs cite Sammons v. City of Gloversville (175 N. Y. 346) and Missall v. Palma (266 App. Div. 861, affd. 292 N. Y. 563.) Neither case is authority for plaintiffs’ contention. In each it was held that notice of claim in suits against municipalities need not be given where the action is brought in equity to restrain a continuing act and where the demand for money damages is incidental to the injunctive relief sought (see, also, Grant v. Town of Kirkland, 10 A D 2d 474; Flaxman v. City of New York, 98 Misc. 88, affd. 178 App. Div. 935). The distinction between the statutory action for treble damages and an equitable action for injunctive relief with incidental damage is pointed out in Page v. Herkimer Lbr. Co. (109 App. Div. 391).
Plaintiffs, if so advised, may move at the further hearing to amend the first cause of action stated in the complaint so as to incorporate therein a demand for the damages sustained incidental to the trespass, and so as to include the allegation or allegations necessary to support that demand.