■ ANTOINETTE FONTANA et al., Appellants, v. TOWN OF HEMPSTEAD, Respondent, et al., Defendant.— In an action (a) for injunctive relief against the maintenance by defendants of a sewer pipeline installed upon property allegedly owned by the plaintiffs; (b) to compel the defendants to continue certain elevation work so as to provide proper drainage and prevent flooding of the plaintiffs' property; and (c) to recover money damages, the plaintiffs appeal from the following two orders of the Supreme Court, Nassau County: (1) an order, dated July 7, 1961, which denied their motion, made pursuant to rule 109 of the Rules of Civil Practice, to strike out as patently insufficient the defendant town's first defense that plaintiffs failed to comply with statutory notice of claim requirements (General Municipal Law, § 50-e, subd. 1; Town Law, § 67); and (2) an order, dated August 31, 1961, which denied their motion for reargument. Order of July 7, 1961 reversed, without costs, and motion granted. Appeal from order of August 31, 1961 dismissed, without costs. An appeal does not lie from an order denying a motion for reargument; and, in view of our reversal of the original order, the appeal from the later order becomes academic in any event. It is well established that compliance with the notice of claim requirements of section 50-e of the General Municipal Law and section 67 of the Town Law is not necessary where, as here, the action is brought in equity to restrain a continuing act and where a demand for money damages is merely incidental to the requested injunctive relief (*Grant* v. *Town of Kirkland*, 10 A D 2d 474; cf. *Sammons* v. *City of Gloversville*, 175 N. Y. 346). Although the plaintiffs have combined a claim for treble damages for willful injury to property with their claim for a compensatory money recovery for damages sustained in consequence of the alleged trespass, it is our opinion, upon consideration of the complaint in the light of all its allegations and its full scope and purport, that the action as a whole must be treated as one which seeks essentially equitable relief — the demand for money damages being wholly incidental and subordinate thereto (*Page* v. *Herkimer Lbr. Co.*, 109 App. Div. 391). Treble or punitive damages may be awarded in an action for injunctive relief and for ancillary compensatory dam-

ages (*I. H. P. Corp.* v. *210 Cent. Park Corp.*, 16 A D 2d 461). Plaintiffs' claim for money damages is not rendered subject to the statutory notice of claim requirements by virtue of the fact that the cause of action therefor is stated separately from the causes of action for injunctive relief (cf. *Missall* v. *Palma*, 266 App. Div. 861, affd. 292 N. Y. 563). Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.