Jack Stanislaw, J.
The Smithtown Water District, one of the defendants in this action, moves to dismiss the complaint because of the failure of the plaintiff Mulligan to serve a notice of claim (General Municipal Law, §§ 50-e, 50-i). Mulligan moves to dismiss the affirmative defense which is based on that same failure.
Quite simply, the issue is whether" the Water District falls within the scope of the sections cited above requiring service of a notice of claim as a condition precedent to suit.
An action against a “ town * * * fire district or school district for personal injury” must be preceded by the filing of a notice of claim (General Municipal Law, § 50-i). An action against ‘ ‘ a public corporation as defined in the general corporation law, or any officer, appointee or employee thereof” requiring service of a notice of claim must follow the provisions of section 50-e of the General Municipal Law.
A public corporation takes in municipal, district and public benefit corporations (General Corporations Law, § 3, subd. 1). However, the notice of claim procedure does not automatically apply to all public corporations, but rather only to those where such notice “is required by law as a condition precedent to the commencement of an action” founded upon tort (General Municipal Law, § 50-e, subd. 1). As indicated, such conditional tort actions do not include water districts as among the affected governmental units (General Municipal Law, § 50-i). In view of the fact that a 1963 amendment (L. 1963, ch. 660) to the last-cited section added both fire districts and school districts only it is difficult to reconcile the absence of water districts as nevertheless included so as to mandate a notice of claim.
It appears then that a water district is not covered directly by section 50-i of the General Municipal Law. This would qualify the reference to public corporations in subdivision 1 of section 50-e of the General Municipal Law, and the provisions of section 67 of the Town Law. Such precedent as exists on this point is essentially to the same effect (Jayne v. East Hills *795 Water Dist., 6 Misc 2d 676; cf. Grant v. Town of Kirkland, 24 Misc 2d 1087, revd. 10 A D 2d 474; see, also, Heughes v. Costich Co., 239 App. Div. 260; Berean v. Town of Lloyd, 3 A D 2d 585).
The defendant water district argues that inasmuch as it is a subdivision of the town the notice of claim procedure nevertheless applies to this situation. In other words, since the town may be liable for the negligence of its employee (General Municipal Law, § 50-b) a notice of claim must be served to validate that indemnification. Yet the municipalities’ liability is not made dependent upon the applicability of notice of claim procedure. It is not necessarily inconsistent that the town may be ultimately liable notwithstanding the inapplicability of notice of claim requirements to the particular situation presented here.
The defendant’s motion is denied and plaintiff’s motion is granted.