Lawrence H. Cooke, J.
In this action to recover for property damages allegedly resulting from negligence on the part of defendants, a motion is made to dismiss the complaint as against defendant Port Ewen Water District “ upon the ground that said complaint fails to state a cause of action.” The complaint alleges: “ That notices of the plaintiff’s claim and his intention to sue, and of the time when and the place where the damages alleged herein were incurred and sustained, were duly served by the plaintiff upon the defendants on or about the 26th day of May, 1967 ”; but the gist of movant’s contention, as stated in their supporting affidavits, is that1 ‘ no such notice of claim was ever served upon the said Port Ewen Water District.” Apparently, there is no question but that a claim was properly served on defendant Town of Esopus. (See Town Law, § 67.)
Section 50-e of the General Municipal Law provides in part: “ In any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action * * * against a public corporation, as defined in the general corporation law * * * the notice shall comply with the provisions of this section ”. True, a public corporation includes a municipal, district and public benefit corporation (General Corporation Law, § 3) but, in enacting said section 50-e, the Legislature did not impose the service of a notice as a prerequisite to the commencement of an action in all tort actions where a public corporation is involved (Seyer v. Schoen, 6 A D 2d 177, 180; Matter of Maik v. Massapequa Lib. Bd. of Trustees, *488 46 Misc 2d 159, 161). More importantly, section 50-i of the General Municipal Law provides that no action shall be prosecuted against “ a city, county, town, village, fire district or school district for personal injury or damage to real or personal property alleged to have been sustained by reason of the negligence or wrongful act of such city, county, town, village, fire district or school district ’ ’ unless a notice of claim shall have been made and served upon the city, county, town, village, fire district or school district “ in compliance with section fifty-e ”. Section 50-e comes into play where ‘ ‘ ‘ notice of claim is required by law as a condition precedent to the commencement of an action ’ ” (Grant v. Town of Kirkland, 10 A D 2d 474, 477). Significantly, chapter 660 of the Laws of 1963, in amending section 50-i by adding fire districts and school districts to its provisions, omitted water districts. A water district is not covered directly by section 50-i of the General Municipal Law and said section qualifies the reference to public corporations in subdivision 1 of section 50-e of the General Municipal Law and the provisions of section 67 of the Town Law (Harrigan v. Town of Smithtown, 54 Misc 2d 793; Jayne v. East Hills Water Dist., 6 Misc 2d 676; cf. Berean v. Town of Lloyd, 3 A D 2d 585).
Plaintiff submits proof that the notice of claim was served upon the “ Superintendent of the Port Ewen Water District ” by registered mail. (See CPLR 311; 40 N. Y. Jur., Municipal Corporations, § 1071.)
Motion denied.