John J. O’Brien, J.
Defendant moves to dismiss the complaint on the ground that it was not served within the time period specified by section 50-i of the General Municipal Law and on the further ground that compliance with the statute is not pleaded in the complaint. Plaintiff seeks permission to serve an amended complaint containing the proper allegations of statutory compliance.
A notice of claim was served on the defendant town on September 12, 1966. The summons and complaint were served on December 11, 1967. The complaint contains three causes of action all of which stem from the alleged acts of defendant in permitting certain septic systems located on private property near plaintiffs’ real property to be maintained in a defective condition in violation of town ordinances, rules and regulations. This allegedly resulted in sewage materials flowing into the public street near plaintiffs’ residence. The first cause of action is for money damages for property damage occurring between April 11, 1966 and July 28, 1966 and subsequent thereto. The second cause of action is for money damages for personal injuries sustained on June 18, 1966. The third cause of action is in nuisance. The nuisance condition is alleged to have continued uncorrected up to and beyond July 18, 1966.
Section 50-i of the General Municipal Law provides in substance that no action shall be prosecuted against a town for personal injury or damage to real property by reason of the negligence of the town unless it shall appear by and as an allegation in the complaint that at least 30 days have elapsed since the service of a notice of claim and that adjustment or payment has been neglected or refused. The section further provides that an action against the town shall be commenced within one year and 90 days after the happening of the event upon which the claim is based. Upon oral argument of the motion, plaintiffs conceded that the summons and complaint were not served within one year and.90 days from the occurrence of the personal injury as alleged in the second cause of action in the complaint, and that cause of action is now dismissed with the consent of the plaintiffs. Plaintiffs urge, however, that the first and third *678 causes of action should not be dismissed, because they are based on continuing- wrongs.
Section 67 of the Town Law provides in part as follows: ‘‘1. Any claim including a claim specified in section sixty-five-a of this chapter which may be made against the town or town superintendent of highways for damages for wrong or injury to person or property or for the death of a person, shall be made and served in compliance with section fifty-e of the general municipal law.
“2. Every action upon such claim shall be commenced pursuant to the provisions of section fifty-i of the general municipal law. ’ ’
In construing this section it has been held that, in an action against a town to enjoin a nuisance and where the complaint also asks for. money damages, it is not necessary for plaintiff to comply with the notice of claim requirement prescribed by section 50-e of the General Municipal Law. (Grant v. Town of Kirkland, 10 A D 2d 474.) This is true even if the complaint asks for treble or punitive damages in a cause of action stated separately from the cause of action for injunctive relief. (Fontana v. Town of Hempstead, 18 A D 2d 1084; also, see, Suburban Club v. Town of Huntington, 57 Misc 2d 1051, 1059.)
Defendant in the instant case relies to some extent upon the case of Schenker v. Village of Liberty (261 App. Div. 54, affd. 289 N. Y. 788). The holding in the Schenker case, however, was based on an interpretation of section 341-b of the Village Law as that statute then read. The Appellate Division in the Schenker ease (supra, p. 55) stressed the fact that section 341-b of the Village Law then contained the words ‘1 no other action shall be maintained against the village unless the same shall be commenced within one year after the cause of action therefor shall have accrued ”. This wording is different froip the wording of section 67 of the Town Law and I feel that Schenker is neither controlling nor applicable in the instant case. In each instance, the court must look to the underlying statute to determine if the notice requirement of section 50-e of the General Municipal Law must be complied with. This point was well stated in the case of Meinken v. County of Nassau (14 Misc 2d 304, 305) where the court said: “The seeming inconsistency of the cases cited on both sides of this question is more illusory than real. Actually they agree on the proposition that unless the statute is so broad in its terms as to necessarily cover all types of claims, whether incidental to unequitable action for an injunction or not, then it shall not 'be construed so as to enlarge its application beyond its ordinary meaning. Thomann v. City *679 of Rochester (256 N. Y. 165) goes no further than this and does not in any way overrule Sammons v. City of Gloversville (175 N. Y. 346) wherein a city charter provision, very similar to section .67 of the Town Law, was held not to require a prior notice, of claim if it was incidental to an equity action.
“I do not think that the incidental character of the money damages is to be determined by the amount demanded so much as by the fact that it is truly ancillary to an injunction suit; i.e., you have a continuing wrong presenting a genuine case for the exercise of the equitable powers of the court.n
The foregoing discussion deals with the notice requirement of section 50-e of the General Municipal Law as applied to an action against a town where injunctive relief and money damages incidental thereto are claimed. I have been unable to find any case which discusses the question of the application of the time fa'ctor of section 50-i of the General Municipal Law to an action of this nature, and must treat the question as one of first impression.
In examining section 50-i of the General Municipal Law, it seems that a comprehensive statutory procedure is established. Paragraph (a) of subdivision 1 provides for service of a notice of claim in compliance with section 50-e of the General Municipal Law; paragraph (b) of subdivision 1 provides for a lapse of 30 days from service of such notice; and paragraph (c) of subdivision 1 requires that the action or special proceeding shall be commenced within one year and 90 days after the happening of the event upon which the claim is based. Having already established that the provisions of paragraphs (a) and (b) are not applicable to the instant case by virtue of the fact that service of notice of claim is not required, I 'am unable to find that paragraph (c) should be isolated and applied herein. Rather, it is my opinion that the usual rules of procedure relative to commencement of an equitable action should be applied. With regard to this it has been stated that: “ In certain cases, such as those involving nuisance or continuing trespass, the wrong is continuous or recurring, and a cause of action accrues anew every day, or for each injury. The wrong is not referable exclusively to the day when the original wrong was committed, and the injured party may recover damages accruing within the statutory period prior to the commencement of the action even though the original wrong was committed before such time. An example of such a continuing wrong is the diverting of water from its natural channel, whereby a person is deprived of its use. Likewise, one whose property has been damaged by the overflow of sewage from improperly constructed city sewers *680 has a separate and complete cause of action every time such an overflow occurs. [Citing Meruk v. New York, 223 N. Y. 271.] The same .rule applies whenever one unlawfully produces some condition which is not necessarily of a permanent character, and which results in intermittent and recurring injuries to another.” (2 -Carmody-Wait 2d, New York Practice, § 13:187.)
Plaintiffs have commenced the instant action within the time period allowed for equitable actions. Although plaintiffs ’ claim for money damages for property damage is set forth in a separate cause of action, a reading of the complaint in its entirety indicates that this relief is actually incidental to the claim for injunctive relief.
Defendant’s motion to dismiss the second cause of action in the complaint, which relates to personal injuries sustained by plaintiffs, is granted. Defendant’s motion to strike the first and third causes of action is denied. Since plaintiffs are not required to plead compliance with the requirements of sections 50-e and 50-i of the General Municipal Law on the first and third causes of action, plaintiffs’ motion to serve an amended complaint is unnecessary and that motion is denied.