■    WILLIAM SCHIERMEYER, as Parent and Natural Guardian of JULIANNE SCHIERMEYER, an Infant, Appellant, v. AVERILL PARK CENTRAL SCHOOL DISTRICT No. 1 et al., Respondents.— Appeal from an order of the Supreme Court at Special Term, entered September 22, 1972 in Rensselaer County, granting

a motion by respondents to dismiss the complaint. On January 22, 1971, Julianne Schiermeyer, then 12 years of age, was injured at the Sand Lake Elementary School as a result of the alleged negligence of respondents. A notice of claim against respondents was not filed until April 17, 1972, and this notice was not filed with leave of court. The action was commenced by service of summons and complaint on June 28, 1972. By order dated September 11, 1972, Special Term denied a motion to dismiss the complaint of the infant plaintiff, but by the order here appealed from, Special Term granted reargument and the motion was granted. Section 50-e of the General Municipal Law requires that a notice of claim in a tort action against a school district be filed within 90 days, but subdivision 5 thereof allows the court, in its discretion, to grant leave to serve a late notice of claim where the claimant is an infant, provided that application for such leave be made within one year after the occurrence upon which the claim is based. In the case at bar, no application was made within one year after the happening of the event, so that Special Term would have been powerless to grant leave to file a late notice of claim (*Matter of Martin* v. *School Bd. of Union Free Dist. No. 28, Long Beach*, 301 N. Y. 233; *Gibbs* v. *City of New York*, 23 A D 2d 665). The notice of claim herein was therefore a nullity. Furthermore, because of a failure to commence the action by service of a summons and complaint within one year and 90 days after the happening of the event upon which the claim was based, the prosecution of this action would be prohibited by section 50-i of the General Municipal Law. Order affirmed, without costs. Greenblott, J. P., Cooke, Kane, Main and Reynolds, JJ., concur.