John T. Casey, J.
The original summons and complaint in this action dated August 1, 1972 sought to restrain and enjoin the defendant village from improperly maintaining a catch basin on property adjoining the plaintiff’s, which caused surface water to be discharged onto the plaintiff’s premises with resultant damage. As a consequence, this complaint also sought to have the condition declared a nuisance and additionally demanded money damages as incidental to the prime relief.
Two notices of claim, one dated October 24, 1972 and the other November 30, 1972 (the second particularizing the first with additional information) were served by the plaintiff on or about the dates thereof, subsequent, however, to the commencement of the first action. The second notice of claim *1037 alleged that damages were sustained by the plaintiff on November 8, 14, 20 and 26 (1972) and on various occasions when storms occurred.
On the defendant’s motion an order was granted on July 30, 1974 by Mr. Justice Williams dismissing the complaint for its failure to allege compliance with the provisions of section 50 and specifically with section 50-i of the General Municipal Law. No appeal was taken from this order. Rather, an amended complaint was served on August 1, 1974 — more than one year and 90 days since the accrual of the claim as alleged in the notices. The new complaint differs essentially from the original only insofar as it alleges that the notices of claim were served, that the plaintiff was examined relative thereto and that the requisite time for adjustment or payment thereof had expired and such payment had been refused or neglected.
The defendant moves herein to dismiss this second complaint for its failure of compliance with section 50-i of the General Municipal Law and for summary judgment, contending the action is now untimely. The defendant’s motion to dismiss this second complaint must be denied as, indeed, in my opinion, the first motion should have been. Where, as here, the nature of the plaintiff’s action is equitable (to enjoin a continuing wrong and to abate a nuisance), section 50-i of the General Municipal Law requiring: (a) a notice of claim under section 50-e; and (b) a lapse of 30 days from such notice has no applicability even though money damages are sought as incidental to the main relief. (Fontana v Town of Hempstead; 18 AD2d 1084, affd 13 NY2d 1134; Suburban Club of Larkfield v Town of Huntington, 57 Misc 2d 1051, affd 31 AD2d 718.) The defense may not even be relied upon partially, i.e., to limit the damages by denying recovery for those damages accruing prior to the 90-day period in which the claim must be filed. An effort to do so (see Grant v Town of Kirkland, 24 Misc 2d 1087) was reversed. (Grant v Town of Kirkland, 10 AD2d 474.)
The question remains whether or not the time factor (requiring the action to be commenced within one year and 90 days after the happening of the event) contained in section 50-i (subd 1, par [c]) applies when the provisions of paragraphs (a) and (b) do not. In Malloy v Town of Niskayuna (64 Misc 2d 676) Mr. Justice O’Brien was confronted with that very issue. He decided that where paragraphs (a) and (b) are inapplicable, paragraph (c) could not be isolated and applied independently *1038 in those cases to which paragraphs (a) and (b) were inapplicable. He applied, and I agree, the usual rules of procedure relating to equitable actions including the relative Statute of Limitations and the rule of incidental damages. Compliance with section 50-i, therefore, need not be alleged or proven, and the amended complaint is, therefore, sufficient and not untimely.
Furthermore, the amended complaint as an amended complaint containing the same cause of action as alleged in the original complaint is deemed to have been interposed at the time the claims in the original pleading were interposed. (CPLR 203, subd [e].) Thus, the Statute of Limitations is tolled for the period of the dismissed action. The plaintiffs complaint is, therefore, not time-barred. (See Malloy v Town of Niskayuna, supra.)
Moreover, the letters submitted by the plaintiff in opposition to the defendant’s motion to dismiss indicate adequate negotiations prior to commencement of the second suit, joined in by the then attorneys for the defendant, sufficient to permit the plaintiff to believe that the dispute could be adjusted without the necessity of suing. Accordingly, applying the doctrine of equitable estoppel, the defendant should not now be permitted to urge the Statute of Limitations as a defense. (See Robinson v City of New York, 24 AD2d 260, 263; cf. Brands v Sperduti, 43 AD2d 903.)
Defendant’s motion to dismiss is in all respects denied.