LIBRADA MAZO et al., Appellants, v TOWN OF SHAWANGUNK, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered June 25, 1976 in Ulster County, which granted defendant's cross motion to dismiss plaintiffs' complaint without prejudice to the institution of a new action following the service of a proper notice of claim. In the subject complaint plaintiff sets forth three causes of action, all of which seek money damages and are obviously premised upon defendant's alleged failure to comply with an earlier consent judgment wherein defendant was directed to discontinue its operation of an open disposal area on lands adjacent to realty owned by plaintiffs. Special Term ultimately dismissed the complaint after finding it to be insufficient because of plaintiff's failure to file a notice of claim with the town as required by section 50-i of the General Municipal Law, and this appeal ensued. We hold that Special Term's order must be affirmed. Being a claim for money damages allegedly caused by the failure of defendant to discharge a duty imposed upon it by law, i.e., obedience to the consent judgment, the present action clearly sounds in tort as found by Special Term, and section 50-i of the General Municipal Law expressly prohibits such an action unless a notice of claim shall have been served on defendant in accordance with section 50-e of the General Municipal Law. Here, it is uncontroverted that such a notice of claim was not served. Moreover, while it is settled that a notice of claim is not required where an action is brought in equity against a municipality and a related claim for money damages is merely incidental thereto, in those instances where the notice requirement has been dispensed with, the equitable and legal claims have been joined in one complaint (cf. *Fontana v Town of Hempstead,* 18 AD2d 1084, affd 13 NY2d 1134; *Grant v Town of Kirkland,* 10 AD2d 474; *Malloy v Town of Niskayuna,* 64 Misc 2d 676). In the present instance, however, plaintiffs have already been granted the equitable relief sought by means of the earlier consent judgment, and in this action they seek only money damages. Under such circumstances, Special Term properly determined that the filing of a notice of claim was mandatory and dismissed the complaint without prejudice to plaintiffs instituting a new action seeking the same relief upon service of a notice of claim. Order affirmed, without costs. Koreman, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur. [88 Misc 2d 597.]