█ LELA M. MORAN et al., Appellants, and THOMAS C. MORAN, SR., as Parent and Natural Guardian of THOMAS C. MORAN, JR., Plaintiff, v CITY OF ALBANY, Respondent, et al., Defendants.—Appeal from an order of the Supreme Court at Special Term, entered January 18, 1979 in Albany County, which dismissed the complaint. The sole issue is whether or not the amendment of subdivision 5 of section 50-e of the General Municipal Law by chapter 745 of the Laws of 1976 negated the pre-1976 rule that once the 90 days allowed for service of a notice of claim had expired there could be no judicial extension of such time to serve the notice unless the application for such extension was made within the period specified in the statutue (*Schiermeyer v Averill Park Cent. School Dist. No. 1,* 42 AD2d 654). Prior to the amendment, the statutory period was one year from the accrual of the action for the exercise of judicial discretion. Under the present statute, the period is the time limited for the commencement of an action against a public corporation or one year and 90 days, pursuant to subdivision 1 of section 50-i of the General Municipal Law. Of course, for anyone subject to disabilities specified in the CPLR, such as the infant herein, that period of time has been elongated by the amendment. (See CPLR 208; *Matter of Beary v City of Rye,* 44 NY2d 398, 413.) The appellants have not established any intent on the part of the Legislature to further extend the time within which judicial discretion may be exercised. The appellants also have not established any basis for extending the Statute of Limitations as set forth in section 50-i of the General Municipal Law and, accordingly, their failure to seek a judicial extension of the 90-day period prior to the expiration of one year and 90 days precludes any relief. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.