ALBERT FRACCOLA et al., Respondents, v CITY OF UTICA, Defendant, and BOARD OF WATER SUPPLY OF CITY OF UTICA, Appellant.

Fourth Department, October 30, 1980

APPEARANCES OF COUNSEL

*Joseph H. Hobika* for appellant.

*Louis T. Brindisi (Gustave J. DeTraglia* of counsel), for respondents.

### OPINION OF THE COURT

CALLAHAN, J.

This action arises out of a dispute that was previously before our court *(Fraccola v City of Utica Bd. of Water Supply,* 70 AD2d 768). Plaintiffs are owners of land located in the Town of Frankfort, Herkimer County, New York, upon which they seek to build a subdivision. Defendant Board of Water Supply of the City of Utica (hereinafter referred to as the Board) owns and operates the water supply for the City of Utica, a substantial portion of Oneida County and a small part of Herkimer County. On September 27, 1972 the Board passed a resolution approving plaintiffs' request for water to its development on condition that expansion would not result in taxes by the Town of Frankfort. In reliance upon this resolution, plaintiffs acquired various parcels of land, entered into agreements to purchase additional land, had survey and topography maps prepared, held meetings and negotiations with architects, construction contractors and subcontractors pertaining to construction of the proposed development, obtained required permits from the Department of Environmental Conservation, the county health department and other governmental agencies, and engaged an attorney who formed a water district in the Town of Frankfort which would sell the water purchased from defendant to the individual homeowners in plaintiffs' development. Plaintiffs contend that they were ready to proceed with the project when defendant Board, without notice, adopted a resolution dated February 10, 1978, rescinding its prior approval of September 27, 1972. Plaintiffs thereafter commenced a CPLR article 78 proceeding seeking to annul the Board's resolution of February 10, 1978. Special Term upheld the Board's action and dismissed the proceeding; however, on appeal, this court reversed and reinstated the petition *(Fraccola v City of Utica Bd. of Water Supply, supra).*

On or about July 25, 1978 plaintiffs as claimants served a notice of claim on the Board, asserting that the nature of their claim was "one based upon breach of contract, negligence, detrimental reliance and * * * such other grounds as the facts hereinafter set forth may show." On January 29, 1979 the instant action was commenced alleging four separate causes of action. The first cause of action sets forth the detailed factual actions undertaken by plaintiffs in reliance upon commitments made by the Board and claims damages as a result of the false representations made to them by defendant. Plaintiffs' second cause of action appears to be founded on defendants' negligence in passing the 1972 resolution, in negligently and carelessly leading plaintiffs to believe that they would extend their water supply to plaintiffs' project, in acting in a negligent and careless manner in dealing with plaintiffs after they passed their 1972 resolution, thereby causing plaintiffs to expend large sums of money in preparation for their project, and in negligently and carelessly failing to act on their 1978 resolution providing that they would again study the feasibility of supplying water to plaintiffs' project, thereby causing further delay and damages to plaintiffs. The third cause of action seeks money damages for breach of contract and a fourth cause of action is couched in equity for specific performance. Defendant Board's answer contains, *inter alia,* an affirmative defense that plaintiffs had not filed a timely notice of claim.

On September 13, 1979 plaintiffs made application for permission to serve a late notice of claim. Special Term determined that the accrual date for plaintiffs' claim for damages was February 10, 1978 and that although suit was commenced within one year and 90 days thereof, plaintiffs' notice of claim was not served within 90 days as required by section 50-e of the General Municipal Law. It held, however, that although plaintiffs' application for leave to serve a late notice of claim was made more than one year and 90 days after the claim arose, the court had jurisdiction to entertain the motion and granted plaintiffs leave to serve a late notice of claim, deeming the notice of claim served on July 25, 1978 to be in compliance with the statute. The court also ordered stricken the Board's affirmative defense relating to timely service of a notice of claim. In its memorandum decision, it noted that it had not considered or determined plaintiffs' claim that the causes of action contained in the complaint and the legal

nature of the Board do not necessitate the serving of a notice of claim, inasmuch as this issue was raised just prior to oral argument. It is from the order entered pursuant to this decision that defendant appeals.

Section 50-e of the General Municipal Law, requiring the filing of a notice of claim within 90 days after the claim arises as a condition precedent to suing a public corporation, was significantly amended in 1976 (L 1976, ch 745). One of the principal changes was to lengthen the period during which an application to file a late notice of claim may be made. One of the issues on this appeal is whether the amendment of subdivision 5 of section 50-e negated the pre-1976 rule that once the 90 days allowed for service of a notice of claim had expired there could be no judicial extension of such time to serve the notice unless the application for such extension was made within the period specified in the statute *(Schiermeyer v Averill Park Cent. School Dist. No. 1,* 42 AD2d 654). Prior to the amendment, the statutory period for the exercise of judicial discretion was "one year after the happening of the event upon which the claim is based" (General Municipal Law, § 50-e, subd 5, added by L 1945, ch 694). Under the present statute, the former requirement that leave to file a late notice of claim would be denied if the application were not made within one year after the claim arose was replaced with a new provision that stated: "The extension shall not exceed the time limited for the commencement of an action by the claimant against the public corporation", which is one year and 90 days pursuant to subdivision 1 of section 50-i of the General Municipal Law. However, for anyone subject to disability specified in the CPLR, such as infancy, that period of time has been extended *(Matter of Ziecker v Town of Orchard Park,* 70 AD2d 422, mot for lv to app granted 49 NY2d 704).

■ Special Term recognized that section 50-e provides that no extension of time to serve a late notice of claim shall exceed the time limit for the commencement of an action by the claimant against a public corporation. Further, it acknowledged that the notice of claim must be served within one year and 90 days after the claim arises. It determined, nevertheless, that there is "nothing in the statute as amended by L. 1976, c. 745, § 2 indicating when the application for this extension of time must be made or whether leave to serve a late notice of claim may be made retroactive to the date of the actual filing of the notice of claim." However, on the facts of

this case Special Term erred in determining that it had jurisdiction to entertain plaintiffs' motion. The amendment of subdivision 5 of section 50-e of the General Municipal Law by chapter 745 of the Laws of 1976 did not negate the pre-1976 rule that once the 90 days allowed for service of a notice of claim had expired there could be no judicial extension of such time to serve the notice unless the application for such extension was made within the period specified in the statute (*Moran v City of Albany,* 73 AD2d 1010). Failure to seek a judicial extension of the 90-day period prior to the expiration of one year and 90 days precludes the exercise of judicial discretion to allow filing of a late notice of claim.

■ In our view, however, it was unnecessary for Special Term to pass upon the issue relating to the timeliness of plaintiffs' application for leave to serve a late notice of claim. We agree with plaintiffs' contention, presented to but not considered by Special Term, that (1) the causes of action asserted in its complaint and (2) the legal nature of the Board of Water Supply does not require service of any notice of claim. Plaintiffs' third and fourth causes of action are for breach of contract and specific performance. We have previously held that the notice of claim provisions of section 50-i of the General Municipal Law do not apply to contract actions (*Effective Communications West v Board of Co-op. Educ. Servs. of Sole Supervisory Dist. of Cattaraugus, Erie & Wyoming Counties,* 57 AD2d 485). Furthermore, it is unnecessary to file a notice of claim in an equitable action seeking only injunctive relief (*Malcuria v Town of Seneca,* 66 AD2d 421; *Mazo v Town of Shawangunk,* 60 AD2d 734; *Grant v Town of Kirkland,* 10 AD2d 474). Plaintiffs' remaining two causes of action, based upon fraudulent misrepresentation and alleged negligence, although they sound in tort, under the particular facts and circumstances in this case are more appropriately founded in contract. The duties alleged to have been breached are duties which have the contract alleged in plaintiffs' third cause of action as their source and measure (cf. *Effective Communications West v Board of Co-op. Educ. Servs. of Sole Supervisory Dist. of Cattaraugus, Erie & Wyoming Counties,* supra, p 490; *Wegman v Dairylea Co-op.,* 50 AD2d 108, 112).

■ There is also merit to plaintiffs' argument that the legal nature of the Board of Water Supply of the City of Utica does not necessitate service of a notice of claim. Under section 50-i of the General Municipal Law, a notice of claim is not a

prerequisite to an action in negligence against a water district (*Martin v Town of Esopus,* 57 Misc 2d 487, COOKE, J.; *Harrigan v Town of Smithtown,* 54 Misc 2d 793). Section 50-i provides that no action shall be prosecuted against "a city, county, town, village, fire district or school district for personal injury or damage to real or personal property alleged to have been sustained by reason of the negligence or wrongful act of such city, county, town, village, fire district or school district or of any officer, agent or employee thereof * * * unless, (a) a notice of claim shall have been made and served upon the city, county, town, village, fire district or school district in compliance with section fifty-e of this chapter". Significantly, chapter 660 of the Laws of 1963, in amending section 50-i by adding fire districts and school districts to its provisions, omitted water districts (*Martin v Town of Esopus, supra,* p 488). A water district therefore is not specified as being within the purview of section 50-i which qualifies the reference to public corporations in subdivision 1 of section 50-e of the General Municipal Law (*Martin v Town of Esopus, supra*). Accordingly under section 50-i of the General Municipal Law, service of a notice of claim is not a prerequisite to an action in negligence against a water district, such as the Board herein (see *Sarmie v Mohawk Val. Gen. Hosp.,* 75 AD2d 1012).

Thus, although we hold the rationale underlying its determination to be erroneous, Special Term properly ordered stricken the Board's affirmative defense relating to timely service of a notice of claim. Further, inasmuch as there are now two proceedings pending for essentially the same relief, consideration should be given to consolidate for timely disposition.

CARDAMONE, J. P., SIMONS, HANCOCK, JR., and WITMER, JJ., concur.

Order unanimously affirmed, with costs.