■ RENE CINTRON et al., Plaintiffs, v CITY OF NEW YORK, Defendant. (Action No. 1.) RENE CINTRON et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. (Action No. 2.).— In actions to recover damages, *inter alia,* for personal injuries, the defendant in Action No. 2, New York City Housing Authority, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Jordan, J.), dated June 1, 1979, as granted plaintiffs' motion for leave to file a notice of claim against it *nunc pro tunc,* and denied its cross motion to dismiss the complaint against it. Order reversed insofar as appealed from, on the law, without costs or disbursements, motion denied, cross motion granted and complaint dismissed in Action No. 2. Plaintiffs commenced their action against defendant, New York City Housing Authority, within one year and 90 days from the accrual of the action, but did not move for permission to serve a late notice of claim until approximately 23 months after the accrual of the action. On the facts of this case, Special Term erred in granting the motion. It could only grant leave to file a late notice of claim if the application was made within the period permitted for commencing the action (see General Municipal Law, § 50-e, subd 5), in this case, one year and 90 days (Public Housing Law, § 157, subd 2). The failure of plaintiffs to seek a judicial extension of the 90-day period for serving the notice of claim prior to the expiration of one year and 90 days, precluded the exercise of judicial discretion to allow a filing of a late notice of claim (see *Hines v City of Buffalo,* 79 AD2d 218; *Fraccola v City of Utica,* 77 AD2d 161). Damiani, J.P., Lazer, Gibbons and Cohalan, JJ., concur.