OPINION OF THE COURT
Harold Hyman, J.
This personal injury and wrongful death action against defendants City of New York and the New York City Industrial Development Agency et al. arises out of an *730 explosion occurring on July 24,1980 in Jamaica, County of Queens, and is one of a number of lawsuits which derived from the afore-mentioned occurrence and were assigned to this court en masse by virtue of a directive dated October 5, 1981. The plaintiffs move for leave to file a late notice of claim, nunc pro tunc with the defendant New York City Industrial Development Agency, or alternatively, to deem the complaint served a notice of claim, and to strike said defendant’s third affirmative defense.
The subject action involves two sets of plaintiffs: Isabel Morales, deceased, and Carmen Morales Colon. Billy Colon, the estate representative of the deceased, Isabel Morales, and the guardian of the deceased’s two infant children, commenced an action for personal injuries and wrongful death, and plaintiff Carmen Morales Colon commenced an action for personal injuries she allegedly sustained as a result of the explosion and fire together with a derivative action commenced by her husband, Isaac Colon.
It is undisputed that only the City of New York was served with notices of claim by plaintiff Billy Colon, the administrator and guardian, and plaintiffs Carmen and Isaac Colon, respectively, on September 11,1980 and October 10, 1980, and that tort hearings were held relative to the respective claims in November and December of 1980. Subsequent to the filing of these notices, suit was commenced against the City of New York and the Industrial Development Agency in mid-1981. The third affirmative defense interposed in the answer submitted by the Industrial Development Agency on or about July 7, 1981 asserted the failure by plaintiffs to file a notice of claim with the agency. According to the affirmation of movants’ attorney, “Only after receiving said Answer did [his] office learn that Industrial Development Agency was not a municipal agency and said discovery coming after the 90 day period had long expired”, and hence, the reason for this application which was initiated on July 13, 1982.
In the General Municipal Law, there is a special statute permitting suits against the Industrial Development Agency which statute provides in pertinent part as follows:
“§ 880. Actions against the agency * * *
*731 “(2) In a case founded upon tort, a notice of claim shall be required as a condition precedent to the commencement of an action or special proceeding against the agency or an officer, appointee or employee thereof, and the provisions of section fifty-e of the general municipal law shall govern the giving of such notice. No action shall be commenced more than one year after the cause of action therefor shall have accrued.” (Emphasis added.)
In the instant case, it is undisputed that no notice of claim was ever filed by plaintiffs with the New York City Industrial Development Agency, either within the 90 days from the happening of the event pursuant to section 50-e of the General Municipal Law, or at any time thereafter. Except for the complaint served upon the agency within a year of the explosion and fire, no notice of claim in any such form preceded the commencement of suit against the agency. The question, therefore, is twofold: (1) What limitations period or periods govern the causes of action in the instant matter, and (2) Whether the application for an extension for filing a notice was made prior to the expiration of the applicable period of limitations?
A court may not grant leave to file a late notice of claim pursuant to subdivision 6 of section 50-e of the General Municipal Law if the application is made after the expiration of the applicable Statute of Limitations (Pierson v City of New York, 56 NY2d 950; Cintron v City of New York, 82 AD2d 796). Subdivision 5 of the afore-stated section specifically precludes the court from granting an extension beyond the period permitted for commencing the action, in this case, one year after the cause of action accrued (General Municipal Law, § 880, subd [2]). Thus, with respect to those causes of action on behalf of the plaintiffs for personal injury and conscious pain and suffering, the within application must be denied inasmuch as the applicable one-year limitation period has expired and this court is without jurisdiction to exercise its judicial discretion to allow a filing of a late notice. Moreover, the mere service of the complaint upon the agency within the statutory period but beyond the initial 90 days, would not suffice as a timely “notice of claim” as contemplated by the statute *732 (see Tarquinio v City of New York, 84 AD2d 265, 268, affd 56 NY2d 950, 956).
Insofar as the wrongful death cause of action is concerned, the resolution of the above-raised question is somewhat more complex. The Court of Appeals has now held in Collins v City of New York (55 NY2d 646) that an action against a municipality to recover damages for wrongful death is governed by the two-year limitations period for wrongful death actions found in EPTL 5-4.1, and is not subject to the limitations period contained in section 50-i of the General Municipal Law. Indeed, section 50-i was recently amended to provide specifically for the inclusion of a two-year limitations period in wrongful death actions against municipalities (see L 1981, ch 738, § 2, eff Sept. 1, 1981). In reaching its determination, the highest court pointed to the omission of any “express reference” in former subdivision 1 of section 50-i to claims for the “death” of a person, strictly construing the term “personal injury”, as defined in section 37-a of the General Construction Law, as excluding within its scope actions for wrongful death. The court distinguished that former statute and its omission of the term “death” from those statutes such as section 1212 of the Public Authorities Law and section 67 of the Town Law in which that term is specifically included, thereby holding by implication that actions for wrongful death arising under statutes employing the term “death” should be governed by whatever limitations period provided by the statute.
 In contrast to section 880 of the General Municipal Law, personal injury and death actions are specifically provided for in the Public Authorities Law, Town Law and County Law. Yet section 880 refers to “tort” actions generally, which by definition includes both personal injury and wrongful death actions. Therefore, since the Industrial Development Agency statute encompasses actions for wrongful death, the cause of action for the wrongful death of Isabel Morales is governed by the one-year limitations period contained in said statute. Based upon the foregoing, this court lacks the power, as a matter of law, to authorize late filing of the notice of claim for wrongful death.
Accordingly, the motion is denied in its entirety.